59 So.2d 529 (1952)
SEWARD
v.
STATE.
Supreme Court of Florida, Special Division B.
June 13, 1952.
*530 R.K. Bell, Miami, and J. Lewis Hall, Tallahassee, for appellant.
Richard W. Ervin, Atty. Gen., and William A. O'Bryan, Asst. Atty. Gen., for appellee.
MATHEWS, Justice.
The defendant was tried in the Criminal Court of Record of Hillsborough County upon an information charging assault upon one Sonora Seward with a deadly weapon, to-wit, a pistol, and was found guilty of "assault with intent to commit murder in the second degree as charged in the information." Motion for new trial was denied. The defendant was adjudged guilty and sentenced to imprisonment in the State prison for a period of five years. From this judgment and sentence, the appellant prosecutes this appeal.
The two main assignments of error may be stated as follows:
(1) During the course of the trial, were the remarks of the trial Judge, out of the presence of the jury, such as to indicate bias and prejudice on his part, and intimidate and strike fear into and deter the defendant in testifying in his behalf concerning the charge brought against him?
(2) Were the remarks made by the trial Judge to the defendant, or defendant's counsel, and in the presence of the jury, such as to constitute prejudicial error?
The trial Judge answered each question in the negative.
The remarks of the trial Judge, made out of the presence of the jury, clearly reflect that the trial Judge was of the opinion that the defendant was guilty and no doubt the continual severe reprimands to the defendant had a tendency to intimidate the defendant and create such fear that he would have difficulty testifying freely in his behalf. Some of the more important statements made by the trial Judge are:
"The Court: Now, Mr. Seward, you are on trial here and you are not here to name utterly irrelevant, prejudicial matters to the Jury and stab it in there at every available opportunity. You are on trial for a serious offense. You are going to get a fair trial."
"The Court: You may be stirred up and so forth, but you are not the only one that can get stirred up and you are not as stirred up as you can get stirred, either. I am not going to tolerate that sort of thing here at all. All those side remarks that you throw in there are absolutely irrelevant and I'm satisfied your counsel has told you that you are not entitled to bring those things in. If they haven't, I'm telling you here and now that you are *531 not, and I don't want you to do anything like that again. * * *"
"The Court: Now, bring back the Jury. You stick right to the question. Answer the question your counsel asks you and don't paint in all this background. * * *"
"In the first place  I will give you some unsolicited advice  you are hurting yourself because you put so much stuff out there to the Jury that you cover up the grain that you have got in the chaff. * * *"
"The Court: I don't intend to restrict him upon proper testimony with any restriction whatsoever, but that is nothing but an underhanded, sneaking way to get something in evidence that he hasn't got any right."
In addition to these remarks and reprimands in the absence of the jury, the Court made the following statements in the presence of the jury:
"The Court: Before we go into that, I want to instruct the Jury that you will disregard any statement that this defendant made touching upon his wife's use of narcotics. That was not responsive to any question that had been asked. It wouldn't make any difference if she were a narcotic addict. You don't have the right to kill people for narcotic addiction. And, even if you were entitled to kill them for narcotic addiction, it would have to be done after a trial. They have Courts to try and condemn persons and individuals are not permitted to do it."
"* * * The Court: I don't think the witness has said without equivocation. Let him say one way or the other, `yes', or `no', and quit hedging the situation, and we can go on to something else. Can you answer that question, `yes', or `no'?"
The remarks made by the trial Judge, out of the presence of the jury, may not, standing alone, constitute reversible error. We have recited them, however, because they are important in showing the state of mind of the trial Judge and this state of mind is probably responsible for the remarks made by the Judge in the presence of the jury.
In the presence of the jury, the Court did say, "It wouldn't make any difference if she were a narcotic addict. You don't have the right to kill people for narcotic addiction."
Such a statement made in the presence of the jury was the equivalent of expressing an opinion that the defendant had attempted to kill the prosecuting witness because of her narcotic addiction.
The attorney for the defendant interposed an objection to the last quoted remark of the trial Judge in the presence of the jury. The Court did not rule upon such objection, but merely said, "All right, go ahead."
In the case of Lewis v. State, 55 Fla. 54, 45 So. 998, this Court held that the utmost care should be used by the trial Judges, and especially in criminal prosecutions, not to make any expression that is capable of being interpreted by the jury as an indication of what the Judge thinks of the prisoner. See also Roberson v. State, 40 Fla. 509, 24 So. 474.
In the case of Leavine v. State, 109 Fla. 447, 147 So. 897, 902, the Court said:
"For the judge to have said that he thought the evidence was not material probably emphasized the error in excluding the question if the answer had been an affirmative one, because a trial court should avoid making any remarks within the hearing of the jury that is capable directly or indirectly, expressly, inferentially, or by innuendo of conveying any intimation as to what view he takes of the case or that intimates his opinion as to the weight character, or credibility of any evidence adduced."
No doubt the trial Judge was aggravated and his patience was tried to a considerable extent. He said to the defendant: "You are not the only one that can get stirred up * * *."  clearly indicating that he, the Judge, was "stirred *532 up". It matters not, however, what the circumstances may be, or what the trial Judge's opinion is as to the defendant's demeanor on the witness stand, or as to defendant's guilt, he should be careful that he say or do nothing in the presence of the jury which would indicate what his opinion may be.
The quoted remarks by the trial Judge to, and in the presence of, the jury, were highly prejudicial, and constitute reversible error.
Reversed, with directions to set aside the judgment and grant a new trial.
SEBRING, C.J., and ROBERTS J., and REVELS, Associate Justice, concur.