104 So.2d 99 (1958)
Raymond H. KELLUM, Appellant,
v.
STATE of Florida, Appellee.
No. 57-206.
District Court of Appeal of Florida. Third District.
June 24, 1958.
Rehearing Denied July 24, 1958.
*100 Richard H. Hunt, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and John C. Reed, Asst. Atty. Gen., for appellee.
CARROLL, CHAS., Chief Judge.
Appellant was informed against in August of 1956 on two counts, charging him with being present, aiding and assisting one James W. Robinson (1) in the commission of the crime of entering without breaking with intent to commit grand larceny, and (2) in the commission of grand larceny. He was tried before a jury in the Criminal Court of Record of Dade County, convicted, and sentenced to imprisonment for two consecutive eighteen month periods.
A brief reference to the facts as disclosed by the record is indicated. The appellant Raymond H. Kellum was a police officer of the City of Miami. He and Officer Branning were on duty together in a police prowl car. Officers White and Robinson, who were off duty, while driving past a certain business establishment in the night time, observed a door open. Through police communications they called for appellant who, with Branning, responded and joined them. The four men inspected the premises in question. Another prowl car came by. Appellant conversed with its occupants, and that car then left. White and Robinson took several small rugs and two mirrored bathroom medicine cabinets, which articles were found later in the home of one of them.
The evidence on the issues in the case was conflicting. The testimony of White and/or Branning, presented on behalf of the State, tended to sustain the charges by indicating that appellant knew of the intent of the others to steal the articles; that *101 he and his partner Branning were acting as look-outs for them; and that appellant misled the occupants of the second prowl car to protect White and Robinson. That testimony was contradicted by appellant, who disclaimed that he knew or was informed of any intent of White or Robinson to take anything from the property; that the articles were taken without his knowledge; that they must have been taken and removed from the premises during the interval when appellant was talking to the officers in the second prowl car; that his conversation with the latter had not been of the character and for the purpose recited by the state's witnesses; and that he and Branning were there simply to make an official inspection of the premises which had been found open (the other officers being off duty at the time), to determine if any action was necessary and to close up the premises, which was done.
The credibility of the state's witnesses White and Branning was drawn into question because of White's admission of commission of the crime which resulted from taking the articles; because Branning had been convicted of a different offense for which he was serving time in the state penitentiary at the time of the trial of this case; and because for his co-operation as a state's witness he had been given certain assurances that he would receive official help to be paroled. White, for his co-operation with the police department in disclosing this and other burglaries known to him to have been perpetrated by police at about that time, had avoided prosecution altogether, and had continued to serve as a police officer of the city.
Nine assignments of error were filed on behalf of the appellant. Those included assignments charging that the court was in error in failing to direct a verdict for the defendant, and in failing to grant a motion for new trial, under which the sufficiency of the evidence to sustain the verdict and conviction was asserted. The motion for new trial also included grounds that the verdict had been improperly motivated by matters outside the evidence, including remarks made by the trial court.
In view of our disposition of this appeal, as shown hereinbelow in this opinion, we are not required to pass upon the several questions raised by appellant under his assignments of error, except the contention of appellant that the evidence was insufficient to support the judgment (rule 6.16, subd. b., Fla.App.Rules, 31 F.S.A.), which contention we reject after inspecting the record.
We have concluded, however, that the interest of justice would best be served by reversing the judgment and remanding the cause for a new trial, because of prejudicial error which resulted from certain statements by the court during the course of the trial in the presence of the jury regarding a defaulting police officer and revealing that there had been a wave of more than fifty of such crimes by police officers, and because of the improper admission into evidence of the testimony by an assistant police chief making reference to such other crimes.
Certain of the remarks of the trial judge followed the disclosure that Police Officer White had remained on duty on the police force after having admitted the theft of the articles on the occasion involved. The trial judge may have been properly incensed over that circumstance, but in expressing his low regard for such a policeman he showed how he felt about defaulting policemen generally, and how he felt about the case, and, by inference, about the defendant.
"In the case of Lewis v. State, 55 Fla. 54, 45 So. 998, this Court held that the utmost care should be used by the trial Judges, and especially in criminal prosecutions, not to make any expression that is capable of being interpreted by the jury as an indication of what the Judge thinks of the prisoner. See also Roberson v. State, 40 Fla. 509, 24 So. 474.
*102 "In the case of Leavine v. State, 109 Fla. 447, 147 So. 897, 902, the Court said:
"`For the judge to have said that he thought the evidence was not material probably emphasized the error in excluding the question if the answer had been an affirmative one, because a trial court should avoid making any remarks within the hearing of the jury that is capable directly or indirectly, expressly, inferentially, or by innuendo of conveying any intimation as to what view he takes of the case or that intimates his opinion as to the weight, character, or credibility of any evidence adduced.'" Seward v. State, Fla. 1952, 59 So.2d 529, 531.
In the case of Roberson v. State, 40 Fla. 509, 24 So. 474, 477-478, the court was concerned with a statement which the trial judge made in a criminal case in ruling on an objection to evidence, to-wit: "I allow the question and answer to stand. I am not responsible for the trouble these people have gotten themselves into," and with reference to which the Supreme Court said:
"* * * It is thus apparent that the remark amounted to an expression of opinion, not only as to the probative effect of the particular evidence then introduced, but of other evidence already admitted; and when we consider that the defendants denied any conspiracy whatever between themselves or with Mamie Edenfield, the error of this remark becomes plainly apparent. We have repeatedly held that remarks of the judge during the trial as to the credibility of a witness, or as to the weight of any evidence relevant to the issue, are an improper assumption of or infringement upon the province of the jury, and, when duly excepted to by the party injured, they may be assigned as error, and constitute ground for reversal. Garner v. State, 28 Fla. 113, 9 So. 835; Hubbard v. State, 37 Fla. 156, 20 So. 235; Lester v. State, 37 Fla. 382, 20 So. 232."
Earlier, in Lester v. State, 37 Fla. 382, 20 So. 232, 234, the Supreme Court in dealing with such question said:
"* * * but great care should always be observed by the judge to avoid the use of any remark in the hearing of the jury that is capable, directly or indirectly, expressly, inferentially, or by innuendo, of conveying any intimation as to what view he takes of the case, or that intimates his opinion as to the weight, character, or credibility of any evidence adduced. All matters of fact, and all testimony adduced, should be left to the deliberate, independent, voluntary, and unbiased judgment of the jury, wholly uninfluenced by any instruction, remarks, or intimation, either in express terms or by innuendo, from the judge, from which his view of such matters may be discerned. Any other course deprives the accused of his right to trial by jury, and is erroneous. State v. Ah Tong, 7 Nev. 148; 1 Thomp.Trials, § 219, and citations."
In the recently decided case of Raulerson v. State, Fla. 1958, 102 So.2d 281, 285, the Supreme Court said:
"After an intense study of the parts of the record relevant to the remark of the judge, which appellants so strenuously attack, we conclude that we can only hold that it was prejudicial, reversible error. Certainly persons charged with a crime, no matter how heinous it may be, are entitled to a fair trial in accordance with law and with precedents established through the years. One of the oldest of these under our system is an inhibition against any comment by the judge on the evidence in the case. It was stated with clarity and emphasis in the opinion in Leavine v. State, supra [109 Fla. 447, 147 So. (897), 902]: `* * * a trial court should avoid making any remark within the hearing of the jury that is *103 capable directly or indirectly, expressly, inferentially, or by innuendo of conveying any intimation as to what view he takes of the case or that intimates his opinion as to the weight, character, or credibility of any evidence adduced.'
"The rule was announced as early as 1896 in Lester v. State, 37 Fla. 382, 20 So. 232, and was re-announced as late as 1952 in Seward v. State, supra. We adhere to it now for the reasons so often given, namely, that the facts are left to the independent and unbiased consideration of the jury and the judge should not enter their sphere of operation else the accused would be deprived of his right to trial by a jury. Because of the judge's exalted position his appraisal of testimony would likely give such emphasis to it as to influence the jury in their deliberation."
In the course of the testimony given by Officer Branning, defendant's counsel, in attacking his credibility, asked Branning how many burglaries he had been involved in while he was a policeman. It appeared that he had been involved in three. He had been tried before the same judge without a jury on one of the offenses, but not on the other two. The judge sought to explain that to the jury, but went further into the subject of the number of offenses by other police which had been disclosed in the testimony on the prior trial, and the judge's comments at that point brought out the fact that there had been fifty odd other such crimes by policemen.
Included in the portion of the record above referred to was the following statement by the court:
"The Court: I know what the testimony was before. I know he testified before, if I am not mistaken, that he knew about fifty-one or fifty-three robberies committed by the Miami Police Department. I have heard the testimony. We are not going to let the witnesses  They are not going from one place to another. We are going to keep it that way."
Evidence that similar and disconnected crimes were committed by other members of the police, tended to cause the jurors to consider that the crime with which the defendant was charged was one of a series or wave of offenses by policemen. The facts covered by that statement of the court were irrelevant and inadmissible, and clearly prejudicial. Compare Nickels v. State, 90 Fla. 659, 106 So. 479, 488-489, and Wilson v. State, 134 Fla. 199, 183 So. 748, 751, stating the rule that evidence of other or collateral crimes of the defendant himself, independent of and unconnected with the crime for which he is on trial, is inadmissible.
Moreover, in the course of the court's comments, including that quoted above, the court stated that he wanted the jury to have the facts, thus commenting upon and implying credibility to the facts which were contained and referred to in his statements. This feature of the case is of added importance when it is seen that testimony which was given by Assistant Police Chief Youell, over objection of defendant's counsel, included reference to the group of crimes by members of the police department which had been referred to earlier in the trial judge's statement.
To the extent that the court's remarks were not objected to at the trial, the error which they constituted is properly availed of under Florida Appellate Rule 6.16, subd. a, authorizing the court, on appeals such as this where it deems the interest of justice may so require, to "review any other things said or done in the cause which appear in the appeal record."
When the remarks of the judge were complained of to him in the motion for new trial, we observe from the record that the judge expressed the view that his remarks were not harmful and should be regarded as helpful to the side of the defendant. *104 We are unable to agree to the conclusion of the able trial judge in that respect.
Regardless of the proper intention of the court in making such remarks, in determining their effect on the jury we must consider that the high position which a judge holds in the scheme of the trial magnifies, in the minds of the jurors, the meaning of comments by the judge, to which he himself may not attach particular importance. Thus, remarks of the court which the jury may consider as expressing the judge's view or feeling about the case, or about the defendant or the testimony or credibility of a witness, may be prejudicial error, where the credibility of the defendant and the witnesses is especially material, as it was here, in view of the strong conflicts in the evidence.
For the errors found, the judgment appealed from is reversed and the cause is remanded for a new trial.
HORTON and PEARSON, JJ., concur.