109 So.2d 422 (1959)
James HAMILTON, III, Appellant,
v.
STATE of Florida, Appellee.
No. 58-338.
District Court of Appeal of Florida. Third District.
March 3, 1959.
*423 Henry R. Carr and Marshall G. Curran, Jr., Miami, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
HORTON, Judge.
The appellant was indicted on the charge of murder in the first degree. The jury returned a verdict finding the appellant guilty of manslaughter. The appeal is from the judgment of conviction and sentence.
Although the appellant did not testify in his own behalf at the trial, nevertheless the facts are without substantial dispute, and reveal that the appellant resided in close proximity to his sister and the decedent, her husband. On October 11, he observed that his sister had a black eye and upon inquiry learned that the black eye was occasioned by the acts of the decedent. The appellant continued to brood over this incident for the next two days. On October 13, the appellant visited the home of his sister and there observed the decedent asleep on the couch. This apparently incensed the appellant, whereupon he went back to his home, obtained a hammer, returned to his sister's place and proceeded to strike the decedent on the head, thereby effecting his death.
The appellant interposed two defenses: not guilty and not guilty by reason of insanity. As a result of the latter defense, considerable medical testimony regarding the sanity of the appellant was adduced at the trial. There was no question that a homicide had been committed and that it was committed by the appellant.
The appellant complains of and assigns as error an alleged prejudicial question propounded to the decedent's wife by the court in the presence of the jury. The following was the court's question:
"Do you still live where you lived at the time your husband was murdered?" [Emphasis supplied.]
Although the appellant's counsel did not immediately object to this question, he did, however, make such question the basis or ground of his motion for a mistrial at the conclusion of the state's case.[1] *424 The objection was renewed in the appellant's motion for new trial which was denied.
At another point in the course of the trial, and in the presence of the jury, the court, in restating an answer made by one of the psychiatrists who examined the appellant, said:
"The witness testified that he did not know and he seriously doubted if anyone else knew what was in that man's mind at the time he committed the murder. * * *." [Emphasis supplied.]
The record fails to disclose an objection by appellant's counsel to this comment by the court; however, the appellant urges this court to consider that comment in connection with his objection to the court's prior question. The appellant contends that the court's remarks constituted a comment upon the guilt of the appellant and were of such character as to indicate the court's opinion that the appellant was guilty of murder; that such remarks were prejudicial and denied the appellant a fair and impartial trial. In this we concur.
The state contends that appellant did not timely object to the court's remarks and therefore did not preserve the points for appellate review; that even if the appellant had timely objected to the court's remarks, the same were not prejudicial because the appellant never denied that he murdered the decedent but premised his defense solely upon the issue of criminal irresponsibility by reason of insanity. We conclude from the facts and circumstances revealed by this record that the failure of appellant to timely object to the court's remarks was not fatal so as to preclude a review thereof on appeal. Florida Appellate Rule 6.16(a), 31 F.S.A.; Kellum v. State, Fla.App. 1958, 104 So.2d 99, 103.
The state's contention that the court's remarks were not prejudicial because the appellant had never denied that he murdered the deceased is, in effect, saying that one who admits the act of killing of another is ipso facto guilty of murder. The absurdity and peril of such a conclusion are apparent. The appellant never admitted committing the crime of first degree murder with which he was charged. On the contrary, he asserted his innocence and innocence by reason of insanity. Section 782.04, Fla. Stat., F.S.A., defines murder as: "The unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of the person killed or any human being * * *" [Emphasis supplied.] If, as the state contends, the appellant had admitted the crime with which he was charged, and the court had seen fit to accept such admission in lieu of proof, then there would have been no necessity to submit to the jury the question of his sanity. The admission would have carried with it the presumption of legal capacity to commit the crime charged as well as the fact of its commission.
The dominant position occupied by a judge in the trial of a cause before a jury is such that his remarks or comments, especially as they relate to the proceedings before him, overshadow those of the litigants, witnesses and other court officers. Where such comment expresses or tends to express the judge's view as to the weight of the evidence, the credibility of a witness, or the guilt of an accused, it thereby destroys the impartiality of the trial to which the litigant or accused is *425 entitled. The court's remarks as delineated above, although unintentional, nevertheless constituted a comment by the court upon the guilt of the appellant and as such were prejudicial and denied him a fair and impartial trial. Kellum v. State, supra, and cases cited therein.
The appellant by his other point urges this court to adopt the so-called "irresistible impulse" or "moral insanity" doctrine as opposed to the "M'Naghten Rule", recognized in Florida. Without going into a discussion of the relative merits of the two doctrines, suffice it to say that the Supreme Court of Florida, as well as this court, has adhered to the M'Naghten Rule and no persuasive reasons have been advanced at this time why we should recede therefrom. See Griffin v. State, Fla.App. 1957, 96 So.2d 424.
Accordingly, the judgment of conviction and sentence is reversed and the cause is remanded for a new trial.
Reversed and remanded.
CARROLL, CHAS., C.J., and MILLEDGE, STANLEY, Associate Judge, concur.
NOTES
[1] "Mr. Carr: Judge, the defendant has a motion to make which should properly be done in the absence of the jury.

"The Court: Well, come up here and make it to me.
"Mr. Carr: (Complying) The defendant, at the close of the State's case, moves the Court to declare a mistrial because of the question asked by the Court of the witness Doris Rebar, and I believe this to be the exact quotation which has been furnished me by the court reporter:
"`Question by the Court: Do you still live where you lived at the time your husband was murdered?' for the reason that the question constitutes a comment and an opinion of the Court which is highly prejudicial and precludes the defendant from obtaining a fair and impartial trial, and indicates a belief and opinion on the part of the Court that the homicide was a murder.
"The Court: Overruled."