HENDRY, Judge.
This is an appeal from a judgment and sentence which adjudicated the appellant guilty of murder in the first degree and sentenced him to life imprisonment. The appeal is primarily grounded upon the court’s reading to the jury its order finding the appellant sane and able to stand trial. While there were other assigned errors, we find that it is unnecessary to consider them on this appeal since it was prejudicial error to read the aforementioned order to the jury.
On July 5, 1960, the indictment was returned and filed in the lower court charging the appellant with the crime of murder in the first degree. Subsequently, the appellant entered his pleas of not guilty and not guilty by reason of insanity. On July 18, 1960, the court entered its order appointing two medical experts to determine the mental condition of the appellant. The appellant was transferred to Jackson Memorial Hospital and remained there until the experts had finished their examinations. In accordance with the findings, the court concluded that the appellant was sane and able to stand trial and entered its order to that effect.
The cause came on for trial on November 28, 1960, and after opening statements were made by counsel and certain remarks were made relative to the sanity of the appellant, a motion for a mistrial was made by appellant’s counsel. The court, no doubt feeling that counsel’s remarks had confused the jury, endeavored to clarify the issues by reading the following order:
“This cause having been submitted to me for my determination concerning the ability of the defendant to stand trial, and concerning the present state of sanity of the above defendant, and the attorney for the defendant and the attorneys for The State of Florida having waived formal hearing of this matter and having stipulated to submit this matter before me upon the psychiatric reports submitted to me by the following Doctors, to-wit: Lyle B: Kunz, William H. Izlar, Albert C. Jaslow and John M. Caldwell, and the Court having fully considered the opinions of the aforesaid Doctors, it is the opinion of the Court that the mental condition of the defendant is such that the defendant is found to be sane and, further, that the defendant is able and willing to aid his attorney in the preparation of his defense to the charge of first degree murder. Accordingly, it is
“Ordered that the defendant be and he hereby is ordered to stand trial for this charge on the date previously ordered by this Court.”
Appellant does not attack the validity of the above order, but does contend that the reading of the order to the jury indicated that the court was of the opinion that the appellant was not insane. It is the appellant’s position that the aforesaid action resulted in the court summarily adjudicating the only real issue in the case, to-wit: Was the appellant insane when he committed the crime in question?
*259 We cannot agree with the appellee that the court later clarified the effect of the previously quoted order when it advised the jury as to the issues it was to consider. It is our opinion that the order, once read, constituted reversible error which could not be corrected. In other words, notwithstanding the clarifying statements made by the learned trial judge, we feel there was a strong probability that the prejudicial effect of the reading of the order remained in the minds of the jurors.
The position of a trial judge dictates that he must at all times refrain from improperly commenting on the weight, character or effect of the evidence as to any material issue. It is one of the realities of our judicial sysetm that a jury will strain to determine what the belief of the trial judge is as to the issues at hand. With this in mind, this court in Hamilton v. State, Fla.App.1959, 109 So.2d 422, 424, stated:
“The dominant position occupied by a judge in the trial of a cause before a jury is such that his remarks or comments, especially as they relate to the proceedings before him, overshadow those of the litigants, witnesses and other court officers. Where such comment expresses or tends to express the judge’s view as to the weight of the evidence, the credibility of a witness, or the guilt of an accused, it thereby destroys the impartiality of the trial to which the litigant or accused is entitled. * * * ¡I
See Raulerson v. State, Fla.1958, 102 So.2d 281; Leavine v. State, 109 Fla. 447, 147 So. 897.
Whether the jury construed the order that the appellant was sane and able to stand trial as unrelated to the question of whether he was sane at the time of the crime cannot be determined. Jurymen are only laymen in interpreting and understanding the law and it is perfectly reasonable to conclude that they would regard the judge’s findings, as stated in the sanity order, to be probative of the issue of the appellant’s sanity at the time the crime was committed. As was stated in Lester v. State, 37 Fla. 382, 20 So. 232, 234, “great care should always be observed by the judge to avoid the use of any remark in the hearing of the jury that is capable, directly or indirectly, expressly, inferentially, or by innuendo, of conveying any intimation as to what view he takes of the case * *
We hold that the trial judge erred when he read the order complained of to the jury. It follows, therefore, that the judgment and sentence appealed be reversed and the cause be remanded for a new trial.
It is so ordered.