161 So.2d 578 (1964)
Carlton ROBINSON, a/k/a Robbie Robinson, Appellant,
v.
STATE of Florida, Appellee.
No. 63-14.
District Court of Appeal of Florida. Third District.
March 10, 1964.
*579 Henry R. Carr and William B. Seidel, Miami, for appellant.
James W. Kynes, Jr., Atty. Gen., and Leonard R. Mellon, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
PER CURIAM.
The appellant was convicted of unlawful possession and dispensing of marijuana.
During the course of the defendant's trial, by jury, appellant's counsel was cross-examining a state witness when the court made the following remark:
"The witness Tymes is an honest, poor man, who has had a very hard time getting an education. He is not as well educated as we are and for that reason his answers may not appear to be like those of an educated man. He is doing the best he can."
Counsel for appellant moved for a mistrial, for the reason that this remark constituted a comment by the court upon the veracity of the witness. Appellant contends the denial of this motion was reversible error; we agree.
The comment, by the court, in regard to the witness went into that realm where the jury could have been persuaded, by virtue of the judge's comment, to rely on this witness's veracity. The comment amounted to the judge vouching for the witness's character. In Hamilton v. State, Fla.App. 1959, 109 So.2d 422, 424-425, Judge Horton pointed out the dangers involved in such a situation:
"The dominant position occupied by a judge in the trial of a cause before a jury is such that his remarks or comments, especially as they relate to the proceedings before him, overshadow those of the litigants, witnesses and other court officers. Where such comment expresses or tends to express the judge's view as to the weight of the evidence, the credibility of a witness, or the guilt of an accused, it thereby destroys the impartiality of a trial to which the litigant or accused is entitled."
We do not say that the trial judge's comment in this case amounted to any preference, or even an indication of such, but it could have been so interpreted, and on that possibility we must reverse for a new trial. Where there is simply a doubt, as here, that an accused has been prejudiced by a remark of the court, we must grant him a new trial.
Accordingly, the judgment of conviction and sentence is reversed and the cause remanded for a new trial.
Reversed and remanded.