LILES, Chief Judge.
The defendant was charged with second degree murder. He was tried before a jury and found guilty of manslaughter. Pursuant to this verdict defendant was adjudged guilty and sentenced to ten years imprisonment. Defendant has taken an appeal from this judgment.
At trial, a colloquy was in process between respective counsel and the trial judge concerning the alleged murder weapon, a shotgun. During this colloquy the court stated:
“This was the gun found at the scene of the crime by the chain of the testimony here, and I overrule your objection and admit it into evidence.” (Emphasis ours.)
Later, the trial judge learned of his use of the words “scene of the crime” and in attempting to correct himself stated to the jury:
“Gentlemen of the Jury, during the course of some of the conversation that has taken place in here between counsel on either and both sides and the Court, the Court used the words ‘scene of the crime.’ You are not to take from the Court’s use of the phrase ‘scene of the crime’ any indication on your part, nor should you derive from that statement any idea, inference or implication on the part of the Court that the Court feels *688 that any particular crime has taken place.
“The Court now amends its statement to you to say ‘at the scene of the alleged crime.’
“Just as I have admonished you each time as you have left the custody of the Court, that you should not visit the scene of the alleged crime, the Court admonishes you now that you should not take any import whatever from the use of the Court’s words ‘scene of the crime’ and the use of any conversation which you might have heard here. And you are specifically instructed to disregard the Court’s statement as to the words ‘scene of the crime.’ ” (Emphasis ours.)
The defendant contends that the trial judge through his inadvertent use of the above-italicized words committed reversible error. We agree. In Raulerson v. State, Fla.1958, 102 So.2d 281, 284, the trial judge made the following statement in the presence of the jury during a discussion concerning admission of certain testimony into evidence:
“* * * 'All right. I think the testimony is perfectly competent under the two theories: that it is part of the res gestae and then these people have been shown to be all acting in a conspiracy together.’ ”
The defense attorney moved for a mistrial but was overruled. However, the trial judge told the jury that he did not want to comment on the evidence and that he had no right to do so. He then instructed the jurors to disregard his reference to the conspiracy.
The Florida Supreme Court concluded, after a study of the record, that it could only hold that the trial judge had committed reversible error. The court stated at page 285:
“* * [T]he facts, are left to the independent and unbiased consideration of the jury and the judge should not enter their sphere of operation else the accused would be deprived of his right to trial by a jury. Because of the judge’s exalted position his appraisal of testimony would likely give such emphasis to it as to influence the jury in their deliberation.
“We construe the judge’s observation to have meant that he believed the appellants as well as their accomplices were acting in a conspiracy. He undertook to remedy the harm by directing the jury not to consider his statement because he had no right to make it but this effort could not have been construed as a refutation of his belief that the conspiracy had been established.”
We believe there are several similarities between Raulerson and the case at bar. In both, the trial judge’s remarks were inadvertent and he made an attempt to correct his statement. Furthermore, in both cases the statements complained of, when considered in their context, were harmfully prejudicial.
In light of the fact that the trial judge instructed the jury to disregard his statement, it may be that we will be accused of being overly cautious in reversing defendant’s conviction. However, we agree with the Third District, which, when faced with a similar situation in Robinson v. State, Fla.App.1964, 161 So.2d 578, 579, said:
“* * * Where there is simply a doubt, as here, that an accused has been prejudiced by a remark of the court, we must grant him a new trial.”
The defendant has also complained on appeal of the trial judge’s repetition of the manslaughter charge in his instructions to the jury. It appears from the record that the trial judge, while instructing the jury, experienced some difficulty. As a result of this the manslaughter charge was given three times and it was given once again when the jury returned and expressed confusion as to the instructions. We believe that this repetition, although inadvertent, was harmfully prejudicial to *689 defendant’s case and that it constitutes additional grounds for reversal.
The judgment is reversed and the cause remanded for a new trial.
ALLEN and HOBSON, JJ., concur.