WALDEN, Judge.
This is an appeal by defendant who was convicted of breaking and entering a building with intent to commit a felony, to-wit: Grand Larceny. Defendant pleaded not guilty, testified in his behalf, was found guilty by a jury and sentenced to the maximum fifteen years. His sole point on appeal concerns prejudicial jury instructions.
Defendant was employed at Anderson Meat Store. One day he found a key on the floor which opened one of several meat freezers. One early morning he entered the store by removing four jalousies and stole a quantity of meat from the freezer. The police were alerted by a neighbor and defendant was caught driving away with *263 a back seat full of frozen meat. The point on appeal is:
Did the trial court commit prejudicial and harmful error in commenting on the evidence so as to fit the facts of the instant controversy to the court’s charge on breaking and entering, and make said facts compatible with a finding of guilt?
The defendant claims the instruction given was a comment on the evidence by the judge. As such it was improper and violated the judge’s neutral stance. The state admits that the instruction was in part a comment on the evidence, but maintains it was harmless error.
The judge instructed:
“Breaking consists of putting aside a part of the building which is as much closed as the nature of the case admits. In this case, the windows and doors were closed, so the pushing open of a door entirely closed, whether the said door is locked or unlocked, is a sufficient breaking to sustain a conviction.” (Emphasis supplied.)
Then eight pages later in the transcript, and near the end of his instructions, the judge repeated his charge, leaving out the offending portions:
“I want to go back for one moment over the instructions about breaking and entering. I want to read them again to you. (Emphasis supplied.)

>|í í{í í{< 5¡í }{i
“Breaking consists of putting aside a part of the building which is as much closed as the nature of the case admits, so the pushing open of a door entirely closed, whether the door is locked or unlocked is sufficient breaking to sustain a conviction.”
The defense attorney made several objections after the jury retired. The pertinent one was:
“I object to the Judge commenting on the evidence while he is reading his instructions, and describing the pushing open of the window or the screen as being a sufficient burglary.
iji ;{< sji i{i
“THE COURT: I agree. You are right in my making a comment other than what is in there, but that is so vague in that one statement.
“MR. ALLEN: I am just saying— You don’t have to justify it to me.
I am putting it in for the record. This thing has to go up.”
The appellant cites cases for the well settled Florida legal principle that judges must maintain their “lofty neutrality in the eyes of the jury.” No one could disagree. But it appears that each case must be factually scrutinized for prejudice.
Hamilton v. State, Fla.App.1959, 109 So.2d 422, concerned the following comments made during the course of a murder trial in the presence of the jury.
“Do you still live where you lived at the time your husband was murdered?”

“The witness testified that he did not know and he seriously doubted if anyone else knew what was in that man’s mind at the time he committed the murder * * *."
The appellate court, in reversing defendant’s conviction, commented on the requisite judicial attitude of judges and on the particular example of prejudice the comments created.
“The dominant position occupied by a judge in the trial of a cause before a jury is such that his remarks or comments, especially as they relate to the proceedings before him, overshadow those of the litigants, witnesses and other court officers. Where such comment expresses or tends to express the judge’s view as to the weight of the evidence, the credibility of a witness, or the guilt *264 of an accused, it thereby destroys the impartiality of the trial to which the litigant or accused is entitled. The court’s remarks as delineated above, although unintentional, nevertheless constituted a comment by the court upon the guilt of the appellant and as such were prejudicial and denied him a fair and impartial trial. Kellum v. State, supra, and cases cited therein.” [Kellum v. State, Fla.App.1958, 104 So.2d 99.]
Gans v. State, Fla.App.1961, 134 So.2d 257, is another example.of a judge’s improper comments. This was a murder trial. The defendant had been adjudged sane to stand trial by previous expert examinations and evidenced by a court order. Defendant’s defense at trial was insanity at the time of the commission of the crime. The judge read the court order determining present sanity to the jury. He read in part:
“ ‘ * ‡ * [I]t is the opinion of the Court that the mental condition of the defendant is such that the defendant is found to be sane and, further, that the defendant is able and willing to aid his attorney in the preparation of his defense to the charge of first degree murder. Accordingly, it is
‘Ordered that the defendant be and he hereby is ordered to stand trial for this charge on the date previously ordered by this Court.’ ”
The court reversed the conviction obtained at that trial with the following observations :
“The position of a trial judge dictates that he must at all times refrain from improperly commenting on the weight, character or effect of the evidence as to any material issue. It is one of the realities of our judicial system that a jury will strain to determine what the belief of the trial judge is as to the issues at hand. * * *
* * * * * *
“Whether the jury construed the order that the appellant was sane and able to stand trial as unrelated to the question of whether he was sane at the time of the crime cannot be determined. Jurymen are only laymen in interpreting and understanding the law and it is perfectly reasonable to conclude that they would regard the judge’s findings, as stated in the sanity order, to be probative of the issue of the appellant’s sanity at the time the crime was committed.”
In Carr v. State, Fla.App.1962, 136 So.2d 28, the judge repeatedly referred to the abortion, rather than the alleged abortion. Since there was dispute concerning whether the criminal act was in fact committed, the judge’s slips were held to be fundamental error.
In Robinson v. State, Fla.App.1964, 161 So.2d 578, the court’s comments that the witness was an honest poor man with an inferior education and was doing his best to answer questions, was reversible error as a comment on the veracity of the witness by the judge. The appellate court also said if there is doubt concerning prejudice to the accused, it should be presumed there was prejudice.
Tanner v. State, Fla.App. 1967, 197 So.2d 842, held that a judge’s comments on the evidence were not harmful error. It was a murder case with a self-defense defense. While the judge was giving the instruction relating to the lesser included offense of assault and battery, the judge commented that he did not know how the jury could find from the evidence that the defendant assaulted the victim without the use of a deadly weapon or how they could be justified on the evidence in finding defendant guilty of assault and battery since “he knew of no evidence in the record which could support a conviction for such offense.”
The court qúoted Hamilton v. State, supra, for the truism that such comments should be avoided, but they held that the judge’s comments were correct and actually he should not have charged on assault *265 and battery in the first place. Therefore, the error was harmless.
There are many cases of the same tenor touching upon the well established principle. Upon application of it and a careful survey of the salient facts, we are quite persuaded here that the error was harmless. The evidence sustaining a breaking was uncontroverted and the evidence abundantly supported the defendant’s conviction. The comment did not cause any unusual stir and no objection was made until after the jury had retired. The judge gave a corrected version of the instruction which act we believe was adequate to erase in the jury’s mind the error and any doubts as to the judge’s neutral stance.
Viewed in the context of the whole proceeding, we are unable to find any prejudice or sufficient reason to reverse the conviction.
Affirmed.
OWEN, J., concurs.
CROSS, C. J., dissents, without opinion.