## STATE v. PETERSON.

No. 73-21671.

Circuit Court, Dade County, Criminal Appeal.

March 5, 1974.

Phillip H. Hubbart, Public Defender, Mark King Leban, Assistant Public Defender, and Kurt Lyle Marmar, Legal Intern, for the appellant.

Richard E. Gerstein, State Attorney, John P. Durant, Assistant State Attorney, for the appellee.

GRADY L. CRAWFORD, Circuit Judge.

This cause coming on to be heard on appeal from final judgment of conviction and sentence on charges of "improper backing" of motor vehicle and "driving while under the influence of alcoholic beverages" entered by the county court on August 15 and August 24, 1973, and this court having read the record, transcript, briefs, heard the argument of counsel and been advised in the premises finds —

During the trial before the court and jury, the following exchange took place between the court and defense counsel —

*Mr. Clay:* I object. I object to any opinion testimony or any reading from this machine. The predicate has not even one-third been laid.

*The Court:* The objection will be overruled.

*Mr. Clay:* I would like to argue this specifically out of the presence of the jury.

*The Court:* You do not need to argue it. The objection is overruled.

*Mr. Clay:* Your Honor, I cannot . . .

*The Court:* Counsel, I think we have cluttered up the record with enough statements out of the presence of the jury that are unnecessary.

*Mr. Clay:* Fine. Your Honor, I would request leave to make any arguments specifically with the jury here as to what items of predicate have not been laid.

*The Court:* I have ruled on the objection. Let us proceed.

*Mr. Clay:* For the record, may I cite what I consider to be the proper predicate?

*The Court:* No, sir, you may not. I have ruled.

*Mr. Clay:* I would like the record to reflect that.

*The Court:* Counsel, I . . .

*Mr. Clay:* It is my argument that the predicate has not been laid pursuant to Florida Statute 322.262 and the Department of Health and Rehabilitative Services.

*The Court:* Counsel, if you do not keep quiet I am going to hold you in contempt. I have put up with your garbage long enough and I am tired of it. Let us proceed with the trial. One more remark and you are in jail for contempt. I have been kind enough to you this morning to overlook all of this. You have tried to mislead this jury and this court and I am tired of it.

*Mr. Clay:* Your Honor, with all due respect to the court, I move for a mistrial on the grounds that statements have been said in the presence of the jury that prejudice them against me and my client.

*The Court:* The motion will be denied. Let us proceed.

*Mr. Clay:* I have not had the opportunity to proffer for the record the lack of predicate that has occurred in this case.

*The Court:* The motion will be denied. Let us proceed.

*Mr. Clay:* Your Honor, may I make one further legal argument?

*The Court:* No, sir, you may not. Let us proceed.

*Mr. Clay:* Let the record reflect that I am being denied my client's sixth amendment right to effective counsel by not being allowed to make a legal argument in this case.

*The Court:* Let the record reflect, counsel, that you have been held in contempt and you are fined $50.

*Mr. Clay:* I apologize to the court, Your Honor.

The general law concerning judicial comment during a jury trial was found by the Supreme Court of Florida in Florida Motor Lines Corp. v. Barry, 158 Fla. 123, 27 So.2d 753, 756 (Fla. 1946), to be appropriately expressed as follows —

> *Generally* — In jury trials the trial judge should be cautious and circumspect in his language and conduct before the jury. He must be fair to both sides, and the extent to which he may go in comments and remarks during the trial is governed by the fundamental principle that nothing should be said or done by him which will prejudice the rights of the parties litigant.
>
> \*\*\*This includes remarks to counsel touching the management of the case and reflecting on their conduct, as well as those touching the character of the witnesses, and the value of their testimony.
>
> *Remarks to or respecting attorneys* — A trial judge may not compliment one attorney at the expense of the other or on the other hand use language which tends to bring an attorney into contempt before the jury.

The Third District, in Hamilton v. State, 109 So.2d 422, 424 (Fla. 3d Dist. 1959), found that —

> "[t]he dominant position occupied by a judge in the trial of a case before a jury is such that his remarks or comments, especially as they relate to the proceedings before him, overshadow those of the litigants, witnesses and other court officers."

In fact, the "[r]emarks of the judge during the course of a jury trial can have much more influence on the result than the actual evidence." Giglio v. Valdez, 114 So.2d 305, 307 (Fla. 2d Dist. 1959).

So dominant is the position of the trial judge that —

> "[i]t is one of the realities of our judicial system that a jury will strain to determine what the belief of the trial judge is to the issues at hand." Gans v. State, 134 So.2d 257, 259 (Fla. 3d Dist. 1961).

The jury below clearly did not have to "strain" to determine how the trial judge felt about the conduct of the defense case after the above comments were made.

The Supreme Court of Florida, in Seward v. State, 59 So.2d 529, 531 (Fla. 1952), similarly held that the fact that the judge was "aggravated and his patience was tried to a considerable extent" did not militate against reversal where his comment may have prejudiced the accused. The Second District in Beckman v. State, 209 So.2d 687 (Fla. 2d Dist. 1968), laid to rest any possible contention by the state that the trial judge cured the effect of his comments by instructing the jury (T. 141-142) when the court stated at page 688 —

"In light of the fact that the trial judge instructed the jury to disregard his statement, it may be that we will be accused of being overly cautious in re-reversing defendant's conviction. However, we agree with the Third District, which when faced with a similiar situation in Robinson v. State, Fla. App. 1964, 161 So.2d 578, 579, said:

"'***Where there is simply a doubt, as here, that an accused has been prejudiced by a remark of the court, we must grant him a new trial.'"

Accordingly, the defendant must be granted a new trial.

The defendant was sentenced as follows —

DUI
1. Six months in jail
2. $500 fine
3. $75 costs
4. Driver's license revoked for one year (R.2)

Improper backing
1. $150 fine
2. $6 costs (R.1)

The law is well established in Florida that when the defendant is charged with more than one count, and each is a facet or phase of the same transaction, only one sentence may be imposed, and that sentence would be on the highest offense charged. Yost v. State, 243 So.2d 469 (Fla. 3d Dist. 1971). The above so-called "Yost doctrine" has been followed by an unbroken line of Florida appellate decisions too numerous for citation. *Sub judice*, the defendant was charged with DUI and improper backing (R.1,2). Clearly, the improper backing constituted the driving facet of the DUI and only one sentence should have been imposed. Yost v. State, supra.

The judgment of the county court from which this appeal is taken is accordingly reversed and the cause remanded for a new trial, and if conviction follows such new trial for imposition of proper sentence.