## STATE v. KARPINSKI.

No. 73-23637.

Circuit Court, Dade County, Criminal Appeal.

May 8, 1974.

Phillip A. Hubbart, Public Defender, Kathleen Gallagher, Assistant Public Defender, and Lorna Kent, Legal Intern, for the appellant.

Richard E. Gerstein, State Attorney, John P. Durant, Assistant State Attorney, for the appellee.

GRADY L. CRAWFORD, Circuit Judge.

This cause coming on to be heard on appeal from final judgment of conviction and sentence on charges of "improper change of lane," "driving while under the influence of alcoholic beverages" and "no valid driver's license" entered by the county court on August 27, 1973, and this court having read the record, transcript, briefs, heard the argument of counsel and been advised in the premises, finds —

During trial before the court and jury, the following exchange took place between the court and defense counsel —

*Mr. Smith:* Objection. This is only a recapitulation of what he said on direct examination.

*The Court:* The objection will be overruled.

*Mr Smith:* I move to strike that also.

*The Court:* Motion will be denied.
Officer, you stated that you did not give him a roadside test. You were going to say why, when you were interrupted, kind of rudely, by defense counsel. Please tell the jury what the reasons were that you didn't give him the roadside tests.

*Mr. Smith:* Your Honor, just one moment. I object.

*The Court:* Your objection will be noted. You have been very famous for your objections by interrupting not only the court, but also the state's counsel. Let it be noted. The objection will be overruled.

*Mr. Smith:* May I state my reasons?

*The Court:* Sir, your objections have been overruled. Please let me continue. Go ahead, officer.

*Mr. Smith:* May I approach the bench?

*The Court:* If I have to ask you one more time, you are going to approach the bench, but it is going to be for the purpose of contempt. Please answer the question.

*Mr. Smith:* I have to represent this individual.

*The Court:* If I have to tell you one more time, you are going to represent him in the county jail. Now, I don't want to have any more arguments about it.

*Mr. Smith:* May I say one thing?

*The Court:* No, sir, you may not. Go ahead and answer the question, officer.

Defense counsel moved for a mistrial based on the court's comments to defense counsel; this motion was denied.

Later in the trial, during defense counsel's cross-examination of Nat Lawrence, supervisor of the Alcohol Test Unit, the following exchange took place between the court, defense counsel and the assistant state attorney —

*Mr. Parker:* I object. Anything is possible. That is pure speculation on the part of the witness.

*Mr. Smith:* It is taken right out of the rules.

*The Court:* Yes, sir, but we are dealing in possibilities. It is possible if lightning struck the building, that it might be able to have an effect. I think the question proper, and I tried to get this across to defense counsel unsuccessfully before. Now, what happened on these dates or what happened on the date that he examined the machine and all of these things are preventative and certainly within the realm of possibility.

*Mr. Smith:* Based upon your derogatory comments, I move for a mistrial.

*The Court:* The motion will be denied. You deserve every comment that has been made, counsel.

Finally, during defense counsel's cross-examination of the breathalyzer technician, Officer Murphy, the court interjected its own cross-examination. Defense counsel objected, stating that the court was helping the prosecution.

The court commented — "I think you would object to any kind of justice. It is noted in the record. I will deal with your attitude after the trial is over."

The general law concerning judicial comment during a jury trial was found by the Supreme Court of Florida in Florida Motor Lines Corp. v. Barry, 158 Fla. 123, 27 So.2d 753, 756 (Fla. 1946), to be appropriately expressed as follows —

*Generally* — In jury trials the trial judge should be cautious and circumspect in his language and conduct before the jury. He must be fair to both sides, and the extent to which he may go in comments and remarks during the trial is governed by the fundamental principle that nothing should be said or done by him which will prejudice the right of the parties litigant.

***This includes remarks to counsel touching the management of the case and reflecting on their conduct, as well as those touching the character of the witnesses, and the value of their testimony.

*Remarks to or respecting attorneys* — A trial judge may not compliment one attorney at the expense of the other or on the other hand use language which tends to bring an attorney into contempt before the jury.

The Third District, in Hamilton v. State, 109 So.2d 422, 424 (Fla. 3d Dist. 1959), found that —

"[t]he dominant position occupied by a judge in the trial of a case before a jury is such that his remarks or comments, especially as they relate to the proceedings before him, overshadow those of the litigants, witnesses and other court officers."

In fact, the "[r]emarks of the judge during the course of a jury trial can have much more influence on the result than the actual evidence." Giglio v. Valdez, 114 So.2d 305, 307 (Fla. 2d Dist. 1959).

So dominant is the position of the trial judge that —

"[i]t is one of the realities of our judicial system that a jury will strain to determine what the belief of the trial judge is to the issues at hand." Gans v. State, 134 So.2d 257, 259 (Fla. 3d Dist. 1961).

The jury below clearly did not have to "strain" to determine how the trial judge felt about the conduct of the defense case after the above comments were made.

The Supreme Court of Florida, in Seward v. State, 59 So.2d 529, 531 (Fla. 1952), similarly held that the fact that the judge was "aggravated and his patience was tried to a considerable extent" did not militate against reversal where his comment may have prejudiced the accused.

Furthermore, the trial judge failed to cure the effect of his comments by instructing the jury as follows —

"You are particularly instructed by the court, that any admonishment on the part of the court, of either the state or the defendant over any objection or any matter concerning the procedure of this court, is not to be considered by you as to the guilt or innocence of the defendant."

The Florida Supreme Court laid to rest any possible contention by the state that the trial judge cured the effect of his comments by instructing the jury when the court stated —

"In light of the fact that the trial judge instructed the jury to disregard his statement, it may be that we will be accused

of being overly cautious in re-reversing defendant's conviction. However, we agree with the Third District, which when faced with a similar situation in Robinson v. State, Fla. App. 1964, 161 So.2d 578, 579, said:

> "*** Where there is simply a doubt, as here, that an accused has been prejudiced by a remark of the court, we must grant him a new trial.'"

*Seward,* supra at page 529.

Accordingly, the defendant must be granted a new trial. See State v. Peterson, 40 Fla. Supp. 134.

The defendant was sentenced as follows —

*Improper change of lane*
1. 5 days in jail
2. $35 dollars in court costs

*Driving under the influence* (DUI)
1. 6 months in jail
2. $500 fine
3. $35 dollars in court costs

*No valid driver's license*
1. 30 days in jail
2. $250 fine
3. $35 in court costs
4. license suspended for one year from the time the defendant gets out of jail

The law is well established in Florida that when the defendant is charged with more than one count, and each is a facet or phase of the same transaction, only one sentence may be imposed, and that sentence would be on the highest offense charged. Yost v. State, 243 So.2d 469 (Fla. 3d Dist. 1971). The *"Yost* doctrine" has been followed by an unbroken line of Florida appellate decisions too numerous for citation. In the case *sub judice,* the defendant was charged with DUI and improper change of lane. Clearly, the improper change of lane constituted the driving facet of the DUI and only one sentence should have been imposed. Yost v. State, supra.

The judgment of the county court from which this appeal is taken is reversed, the sentence vacated, and the cause remanded for a new trial, and if conviction follows such new trial for imposition of proper sentence.