MELVIN, Judge,
dissenting.
I dissent. The defendant urges that the trial court erred in commenting to the jury upon the evidence. The record reveals that the jury, after having deliberated for a period of time, returned to the courtroom and, thereupon, the following transpired:
“JUROR PARKER: Sir, we just are in confusion about the fact that if this defendant is charged — if this defendant did not have a gun during the time that this argument started and pursued on out the door, finally when they got into the heat *907 of the argument a gun came from somewhere and was shot in the process and in the process Mr. Jones was shot, that’s one situation. Okay. Then he has the gun on his person, not meaning to use the gun, but during the course of the argument he used the gun. All right. We are in confusion with guilty of aggravated battery while in possession of a firearm as charged in the Information. Now, if he had the gun on his person all the time, not meaning to use the gun, but as the argument happened, used the gun, does that mean what he is charged with here, whereas if he did not have the gun and as they went out the argument got heated and a gun came from somewhere, we don’t know where yet, he got — Mr. Jones got shot, doesn’t that mean that it’s not in the possession of a firearm? That’s not very clear. Does possession of a firearm mean that he had the gun on his person at all times? (Emphasis supplied)
“THE COURT: Come up to the bench, gentlemen.
“(Counsel for the State and Defense approached the bench for a side-bar conference out of the hearing of the jury and Court Reporter.)
“THE COURT: All right, I think I can answer that question now for you. Maybe I can clarify it. It is not important as to when the defendant, if he had the gun, when he got it. The important thing, the important time is when the aggravated battery was committed did he have possession of a gun. Does that clarify it for you?
“JUROR PARKER: Yes, sir.
“THE COURT: All right, would you please retire and deliberate further?”
One hour and 15 minutes following this discussion, the jury returned into court with its verdict finding the defendant guilty of aggravated battery while in possession of a firearm as charged in the information.
It is apparent from the questions asked of the court by the forelady that the jury was confused about, among other things, whether the evidence established that an aggravated battery had been committed. In this posture, the • comment of the court, “. . The important thing, the important time is when the aggravated battery was committed did he have possession of a gun. . . . ”, (Emphasis supplied) constituted a comment by the court from which the jury could infer that in the opinion of the distinguished trial judge the evidence had established to his satisfaction that an aggravated battery had been committed. We note that trial counsel did not object to this comment by the court, however, under Fla.App. Rule 6.16, this court is authorized to “. . . review any other things said or done in the cause which appear in the appeal record, . . .” that this court deems necessary to consider in the interest of justice.
As early as 1896, the Supreme Court of Florida in Lester v. State, 37 Fla. 382, 20 So. 232 (1896), strongly stressed the great importance in a judge avoiding, in the presence of the jury, any comment or any expression that might directly or indirectly even intimate that the judge has decided some factual issue that has been submitted for jury consideration, or has some view or opinion as to any issue of fact. The jury in this case could well have concluded that the court was telling them that the aggravated battery had occurred and the only thing that was important for them further to consider was whether or not when such aggravated battery was committed, did the defendant have in his possession a gun. Such comment, although unintentional as to such purpose, constituted an impermissible invasion upon the fact finding processes of the jury.
In Tanner v. State, 197 So.2d 842 (Fla.1st DCA 1976), this court cited with approval Hamilton v. State, 109 So.2d 422 (Fla.3d DCA 1959), in which the court held:
“The dominant position occupied by a judge in the trial of a cause before a jury is such that his remarks or comments, especially as they relate to the proceedings before him, overshadow those of the litigants, witnesses and other court officers. . . . ”
*908 In Giglio v. Valdez, 114 So.2d 305 (Fla.2d DCA 1959), the court observed that comments made by a judge during the trial proceedings may well have more influence upon the result reached by the jury than the actual evidence presented.