## BRENNER v. STATE.

No. 79-011-AC.

Circuit Court, Dade County, Appellate Division.

July 10, 1979.

[redacted]

Bennett H. Brummer, Public Defender, and Jacquelyn Plasner, Assistant Public Defender, for the appellant.

Janet Reno, State Attorney, and Bayard W. Heath, Assistant State Attorney, for the appellee.

HERBERT STETTIN, Circuit Judge.

Mercedes Brenner was convicted in county court of five misdemeanor charges after trial by jury. She appeals from the adjudications of guilt and her sentence of 18 months probation.

The proceedings below were enthusiastically conducted by counsel for the state and the appellant; each vigorously attempting to litigate in the limiting arena of a criminal trial a complex, lengthy and unhealthy relationship between the appellant and the victim. We have carefully considered the entire record, including all points raised by the appellant, and find several errors which require reversal.

During the trial the appellant's attorneys demanded that the state make available two written statements of the victim in order to permit their use for impeachment of the victim's trial testimony. The trial judge reviewed these statements, *in camera,* and determined that they were not inconsistent with the victim's trial statements, and refused to permit their use by the appellant. Review of a third statement of the victim (which had previously been made available to appellant's lawyers) did result in its use for impeachment.

The two questioned statements were ordered by the trial judge to be held *by the state attorney available* for the appellate record. This was both a substantive and procedural error, for once considered by the lower court, the statements should have been marked for identification and held sealed for appellate review, if necessary. In fact, they have inexplicably disappeared and are not now available for any inspection to determine the correctness of the trial

judge's ruling. Obviously, the appellant was entitled to a fair, wide ranging opportunity on cross examination of the victim to attack his credibility.

Essential to this was the right to impeachment by reference to prior statements of the victim which were inconsistent with his trial testimony. Without a complete record of what was considered by the trial judge on this issue we are unable to determine whether the appellant was deprived of a substantive right. *Yancy v. State,* 267, So.2d 836 (Fla. 4th DCA 1972).

Additionally, in the course of appellant's closing argument the following colloquy occurred —

> "Now, the state has chosen that vehicle to travel on, that vehicle being Rolando Duvallon. They know he is lying and perjuring himself when he takes the stand."
>
> *Ms. Blaney:* "Objection as to arguing facts not in evidence."
>
> *The court:* "Sustained. The jury will disregard the remarks — it's apparent the state is only interested in producing the full story."

Leaving aside for the moment the propriety of defense counsel's intemperate allegation concerning the state's knowing use of perjured testimony, it is clear the court's statement "... it's apparent the state is only interested in producing the full story," is an impermissible comment on the evidence.

It is fundamental reversible error even where, as here no objection is made by the aggrieved party for the trial judge to make such statements. *Kellum v. State,* 104 So. 2d 99 (Fla. 3rd DCA 1958) at page 104 — "... Remarks of the court which the jury may consider as expressing the judge's view or feeling about the case, or about the defendant or the testimony or the credibility of a witness, may be prejudicial error, where the credibility of the defendant and the witnesses is especially material, as it was here, in view of the strong conflicts in the evidence."

In light of the reversal required by the points discussed above, we do not deem it necessary to reach or discuss any of the remaining points on appeal except the one concerning the sentence imposed. The trial judge sentenced appellant to an 18 month probationary period, concurrent as to each of the 5 misdemeanor adjudications. This is clearly an erroneous sentence as the appellant was convicted of four second degree misdemeanors, (breach

of the peace and trespass after warning), and one first degree misdemeanor (resisting a police officer without violence). See §§775.082, and 775,083, Fla. Stat. (1977).

The judgments and sentences are reversed and the cause remanded for further proceedings consistent with this opinion.

Concurring: DUBITSKY, J. Judge WILKIE D. FERGUSON, Jr., participated in the oral argument but because he had prior involvement with the defendant as a trial judge in another proceeding, he elected not to serve on this case.