711 So.2d 225 (1998)
Michel Doreen ACOSTA, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2125.
District Court of Appeal of Florida, Third District.
May 27, 1998.
*226 Bennett H. Brummer, Public Defender, and Margaret S. Brodsky, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Dominique T. Suite-Brown, Assistant Attorney General, for appellee.
Before JORGENSON, COPE and SHEVIN, JJ.
PER CURIAM.
Michel Doreen Acosta appeals her convictions for burglary with assault and armed robbery based on the improper comments made by the judge during trial. For the following reasons, we reverse.
Vivian Ruiz and Michel Acosta were arrested and charged in connection with a confrontation they had with Francisco Sanchez in his apartment. Sanchez told the police that the two women had threatened him with his machete and stolen his wallet. When the police arrested Ruiz and Acosta several blocks away, Acosta waived her Miranda rights and retrieved Sanchez' wallet from the side of the street. Ruiz produced eight dollars that had been in the wallet (one dollar was missing). Both Ruiz and Acosta were charged with burglary with assault and armed robbery.
The day before trial was to begin, Ruiz pled guilty and was sentenced to five years probation. Acosta proceeded to trial and was convicted of both counts by a jury. Acosta was sentenced as a habitual offender to life in prison.
At trial, Sanchez claimed Acosta waved the machete around, while Ruiz testified that it was the victim, Sanchez, who wielded the machete. The prosecution questioned Sanchez about his fear during this encounter. Sanchez would not state that he was in fear, but instead stated he was embarrassed by the confrontation with the two women. The trial judge questioned Sanchez about his level of fear during the robbery, and then stated, over defense objections, that: "Any reasonable person, upon having a machete threaten him, would be afraid. It would be up to the jury to determine if he is a reasonable person."
The trial judge implicitly overruled the defense objections, would not allow a sidebar, and denied the motion for mistrial. At the conclusion of trial, after the announcement of the verdict, the trial court thanked the jury. The trial judge stated that: "If it makes you feel any better, she is a career criminal. We thank you very much for your verdict. The lady does have an extensive background, known to the justice system. She is a career criminal and has been judged as such. So thank you."
[A] trial court should avoid making any remark within the hearing of the jury that is capable directly or indirectly, expressly, inferentially, or by innuendo of conveying any intimation as to what view he takes of the case or that intimates his opinion as to the weight, character, or credibility of any evidence adduced.
Raulerson v. State, 102 So.2d 281, 285 (Fla. 1958) (citing Leavine v. State, 109 Fla. 447, 461, 147 So. 897, 902 (1933)).
By its statements during Sanchez' testimony, the trial court improperly weighed heavily on the side of the prosecution. See Peek v. State, 488 So.2d 52, 56 (Fla.1986) (citing State ex rel. Mickle v. Rowe, 100 Fla. 1382, 1385, 131 So. 331, 332 (1930) ("every litigant ... is entitled to nothing less than the cold neutrality of an impartial judge.")). The trial judge's remarks could only have led *227 the jury to believe that the judge concluded that Sanchez had been threatened by Acosta with his own machete and that he was afraid of this threat. See Raulerson, 102 So.2d at 285 ("Because of the judge's exalted position his appraisal of testimony would likely give such emphasis to it as to influence the jury in their deliberation.").
In order to provide the defendant with a fair trial, there "is an inhibition against any comment by the judge on evidence in the case." Id. Acosta's defense was damaged by the trial judge's comments because these comments dealt with material elements of the crimes chargedthe weapon and the element of fear. There was conflicting testimony on these issues, and the judge's comments unduly prejudiced the jury against Acosta. This is reversible error because
[t]he dominant position occupied by a judge in the trial of a cause before a jury is such that his remarks or comments, especially as they relate to the proceedings before him, overshadow those of the litigants, witnesses and other court officers. Where such comment expresses or tends to express the judge's view as to the weight of the evidence, the credibility of a witness, or the guilt of an accused, it thereby destroys the impartiality of a trial to which the litigant or accused is entitled.
Robinson v. State, 161 So.2d 578, 579 (Fla. 3d DCA 1964)(citing Hamilton v. State, 109 So.2d 422, 424-25 (Fla. 3d DCA 1959)).
Furthermore, the judge's comments referring to Acosta as a "career criminal," even before the State had filed a notice that it intended to establish Acosta as a career criminal, were patently improper. See Peek, 488 So.2d at 56 ("Trial judges not only must be impartial in their own minds, but also must convey the image of impartiality to the parties and the public.").
A new trial must be granted in this case because the comments by this judge effectively denied Acosta her right to a fair trial. See Robinson, 161 So.2d at 579 ("Where there is simply a doubt, as here, that an accused has been prejudiced by a remark of the court, we must grant him a new trial.").
Reversed and remanded for further proceedings consistent with this opinion.