PER CURIAM.
Appellant, James Laur, appeals the summary denial of his rule 3.850 motion *827 for postconviction relief. We remand for further proceedings on one of Appellant’s four claims raised in the motion.
Appellant alleges that trial counsel was ineffective in failing to object or move for mistrial when the trial court questioned a witness. While a trial court has great latitude in controlling the proceedings and witnesses in the courtroom, the trial court must exercise great care in not intimating to the jury the court’s own opinion as to the weight, character or credibility of a witness. See Fogelman v. State, 648 So.2d 214 (Fla. 4th DCA 1994)(citing Seward v. State, 59 So.2d 529 (Fla.1952)). Appellant argues the court’s questioning commented negatively on the witness’s credibility.
A rule 8.850 motion may be denied without a hearing if the motion, files, and record show that the movant is entitled to no relief. See Fla. R.Crim. P. 3.850(d). To uphold a trial court’s summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record. See McLin v. State, 827 So.2d 948 (Fla.2002).
Because Appellant’s claim is facially sufficient and is not conclusively refuted by the record, we reverse and remand for an evidentiary hearing or record attachments conclusively refuting Appellant’s claim.
REVERSED and REMANDED.
GUNTHER, SHAHOOD and TAYLOR, JJ., concur.