220 So.2d 426 (1969)
Shellie WILSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 68-468.
District Court of Appeal of Florida. Third District.
March 11, 1969.
Rehearing Denied April 9, 1969.
Robert L. Koeppel, Public Defender, and Maurice Jay Kutner, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., SWAN, J., and McDONALD, PARKER LEE, Associate Judge.
McDONALD, PARKER LEE, Associate Judge.
The appellant, Shellie Wilson, was convicted and adjudicated guilty by the trial court of the crimes of assault with intent to commit robbery (Count I), and assault with intent to commit murder in the second degree (Count II). The trial was by the court without a jury, the defendant having waived same.
The defendant was represented by the public defender. Prior to trial, his counsel presented a motion for reciprocal discovery and offer to exchange witness lists, which was filed in accordance with Rule 1.220(e) *427 Cr.PR., 33 F.S.A. The court granted this motion. The motion was never withdrawn, but in fact counsel for the defendant never furnished a list.
After the state rested, the defendant sought to call on Edith Bailey (Johnson). Her name had not been furnished as a potential witness and on that basis the state objected to her being called. Defense counsel represented to the court that the witness had just come to his attention. Counsel further represented to the court that the testimony was material and recited the gist of it to the court which indicated that this witness' testimony was contradictory to the testimony of the chief witness for the state as it related to charges contained in Count II of the information. Her testimony had no bearing or effect upon the evidence presented on Count I. The trial judge did not allow this witness to testify.
A defendant charged with a serious crime should be able to produce evidence material to his case. Fine v. State, 70 Fla. 412, 70 So. 379; Norman v. State, Fla.App. 1963, 156 So.2d 186.
If there has been a dereliction of responsibility by state furnished defense counsel which prevented the defendant from calling a material witness (as opposed to the exercise of personal judgment by defense counsel) and this fact prejudiced the defendant's case, the defendant should not be the one to suffer the consequences. Stratos v. State, Fla.App. 1964, 167 So.2d 771; Byers v. State, Fla.App. 1964, 163 So.2d 57; 24 C.J.S., Criminal Law, § 1443.
Under the circumstances of this case, we feel that the trial judge abused the discretion afforded him under Rule 1.220(g) in not allowing the witness to testify.
It is, therefore, held that the conviction on the charge of assault with intent to commit murder in the second degree is reversed, and the cause is remanded for a new trial on that count.
The conviction under Count I of the crime of assault with intent to commit robbery is affirmed.
Affirmed in part and reversed in part.