BOYER, Judge.
Appellant was charged by sworn petition with being a delinquent child because of an alleged robbery. The State’s first witness at the trial was the alleged victim who described the robbery in detail and identified appellant as one of the robbers. Although she testified on direct examination that she saw the robbers following the commission of the crime, when the defense counsel undertook to cross examine her as to when she saw them and under what circumstances the trial judge sustained an objection on the sole ground that the question was beyond the scope of direct examination. Objections were sustained on three separate occasions during cross examination of the same witness on that ground. The State then called the arresting officer who testified to the arrest. On cross examination the defense attorney attempted to elicit information as to how the defendant had been identified and what happened immediately following the arrest to which questions the trial judge sustained objections on the sole ground, again, that the questions were beyond the scope of direct examination. After the State rested the defendant sought to call the officer as his own witness, to which the State interposed objection on the ground that the officer’s name had not been furnished to the State on the defense witness list. Although the defendant’s attorney called to the attention of the court that the officer’s name was on the State’s witness list, the objection was sustained and the defendant was not permitted to call the officer as his witness. Appellant then moved for a continuance which was 'denied.
Nothing will be added to the jurisprudence of this State by reiterating here the exact questions and answers propounded during direct examination of the two witnesses above mentioned. Suffice to say that we have read the entire record and find that the questions of defendant’s attorney to which objections were sustained were not outside the reasonable scope of the direct examination. Although it is not permissible to stray and wander afield during cross examination, nevertheless the purpose of cross examination is not simply to plow the same ground along the same rows and in the same directions as the direct examination. Questions which are reasonably relevant to questions propounded on direct examination or answers elicited (or even volunteered) are not objectionable on the ground of being beyond the scope of direct examination.
The subject matter of the questions to which objections were sustained, and the anticipated evidence to be adduced from the officer who was not permitted to be called by the defendant, related to the identification of the defendant by the victim, the place of identification and the manner thereof. Such evidence was extremely relevant and material to the defense and the exclusion thereof, if error, was prejudicial. We find that the exclusion was error, and therefore reverse.
The reason behind the rule requiring exchange of witness lists incident to discovery is to prevent prejudicial surprise. (See Stewart v. State, Fla.App. (3rd) 1971, 247 So.2d 771; Richardson v. State, Sup.Ct.Fla.1971, 246 So.2d 771; Williams v. State, Fla.App. (4th) 1972, 264 So.2d 106, *331 certiorari denied 268 So.2d 162; Buttler v. State, Fla.App. (3rd) 1970, 238 So.2d 313 and Bell v. State, Fla.App. (2d) 1974, 287 So.2d 717.)
Certainly the rule has a laudable purpose and should be complied with. However, when, as here, the opposing party is fully acquainted with the witness and with his anticipated testimony, thus, where there can be no surprise, and where the necessity for calling the witness occurs as a result of unforeseen circumstances which developed during the trial (or immediately preceding the trial, Bell v. State, supra) and where it is apparent that no prejudice can result as a result of the failure to list the witness, then, under such circumstances, the rule should not be blindly followed. The purpose of the rules, indeed the purpose of the law, is to achieve justice not frustrate it.
The judgment is reversed and the case is remanded for further proceedings consistent herewith.
SPECTOR, Acting C. J., and McCORD, J., concur.