PER CURIAM.
The appellant was found guilty of second degree murder by a jury. She was adjudicated guilty and sentenced to life imprisonment. This appeal followed.
The first point presented urges that the trial court erred in denying defendant’s motion for a mistrial after the following proceedings in the examination of a witness who was being examined about her previous inconsistent statements concerning the *455 number of stab wounds the victim had suffered:
“Q. Did it appear to you that there was only one stab wound on the body of Eric Darcy?
“A. At the time I did not know when I saw so much blood—
“MR. MOSCA: That answers the question and anything else would be volunteered.
“THE COURT: Overruled.
“You may complete your answer.
“THE WITNESS: I did not believe that so much blood—
“MR. MOSCA: Objection and move to strike what she believes.
“THE COURT: Overruled.
“Continue your answer.
“The witness is trying the best way she knows how.
“MR. MOSCA: Can we approach the bench?
“THE COURT: When the witness completes—
“MR. MOSCA: Excuse me, Judge, but may I reserve the right to make an objection at a later time with regard to this colloquy?
“THE COURT: Yes, you may.
“MR. MOSCA: Thank you.
“THE COURT: Please complete your answer if you would.”
Defendant contends that the statement by the trial judge, “The witness is trying the best way she knows how,” comments on the weight and credibility of the testimony given by the witness. We cannot agree with this interpretation of the statement. The trial judge overruled defense counsel’s objection and the witness was instructed to answer the question. By so ruling, the trial judge held the witness capable of giving lay testimony as to the amount of blood she observed. As the witness attempted to answer with the statements “it seemed like an amount [of blood] to me . . . ” and “I did not believe that so much blood . . . ,” she was further interrupted by defense counsel’s objection. Finally, after defense counsel was overruled again, the judge gave the statement that the witness was trying to give an estimate of blood “ . . . the best way she knows how.”
It is true that the comment of the trial court in the instant case contains words remarkably similar to those found in Robinson v. State, Fla.App.1964, 161 So.2d 578. We think that the comments in Robinson went much further and it is clear that they could have been interpreted as going to the weight to be given the evidence of the individual witness. We agree that comments by a trial judge must be carefully reviewed to see whether they have invaded the province of the jury. See Gendzier v. Bielecki, Fla.1957, 97 So.2d 604; Hamilton v. State, Fla.App.1959, 109 So.2d 422. We hold, however, that in the present instance there is no reasonable possibility that the statement of the trial judge deprived defendant of a fair trial.
The second point presented urges reversible error because the trial court admitted into evidence a statement made by a defendant to a police officer at the scene of the crime without requiring the deletion of a portion of the statement referring to a prior criminal entanglement. The record shows that immediately upon the arrival of the investigating officer, he was told by the defendant, “I killed him for that bitch, I have been through this before and I killed my husband back in ’50 or ’51.” Defense counsel argued against that portion of the statement concerning a prior criminal entanglement saying that such statement had no relevancy and was so remote as to serve no purpose and have no bearing on the case. The court found the statement admissible under a test in Williams v. State, Fla.1959, 110 So.2d 654. We hold that the court properly allowed the evidence for the reason stated and upon the further basis that the defendant volunteered the statement to the police officer. In Dempsey v. State, Fla.App.1970, 238 So.2d 446, this court had before it a similar statement and held in accordance with the trial judge’s ruling *456 here that the statement was admissible unless the sole purpose of the evidence was to show the criminal propensity of the accused. In the present instance, the defendant’s report of the crime to the law officer clearly showed her state of mind at the time of her admission of the act.
Having considered each of the points presented and finding no reversible error, the judgment and sentence are affirmed.
Affirmed.