DAUKSCH, Judge.
A conviction for possession of narcotics paraphernalia is appealed because the trial judge ruled a defense witness could not testify. Florida Rule of Criminal Procedure 3.220 requires an accused to provide a list of his witnesses if he demands and receives from the state a list of the prosecution witnesses. Here defense counsel failed to disclose to the state the name of a witness known to the defendant. On the trial date defense counsel said he was going to call the witness and asked the court to delay the trial long enough to allow the state to depose the witness and investigate her story. The trial judge was disturbed by this and because this same lawyer had upon other occasions caused problems because of lack of preparation and in this very ease had received a continuance to investigate further, the judge felt the best sanction would be the exclusion of the witness. We agree the conduct, past and present, of trial counsel [1] was reprehensible and the lawyer deserved to be dealt with harshly, but we cannot visit the punishment on the defendant, in this case. There was no prejudice to the state shown and it is quite possible the exclusion of the witness’ testimony resulted in prejudice to the appellant. Richardson v. State, 246 So.2d 771 (Fla.1971).
The conviction for possession of paraphernalia is reversed and this cause is remanded for new trial on that count. The conviction and sentence on Count I is affirmed.
REVERSED and REMANDED.
DOWNEY, C. J., and ANSTEAD, J., concur.

. Counsel on appeal were not trial counsel.