MOORE, Judge.
This is an appeal from a conviction of the crime of aggravated battery. At issue is the trial court’s refusal to allow a witness for the defense to testify because the witness’s name was not provided timely to the State pursuant to Fla.R.Crim.P. 3.220. We find the trial court erred in excluding the witness’s testimony and reverse for a new trial.
*442 On May 13, 1977, defense counsel provided the State the name of the witness to be called to testify at a jury trial commencing May 17. When counsel attempted to call the witness, the following colloquy occurred between counsel and the court:
“MISS GROSSMAN: Yes, Your Honor. I intend to call one witness. It shouldn’t take too long.
THE COURT: Well, let’s go ahead with him then or her—
MR. McCAIN: Judge, excuse me. The ans — I checked the Court file and the answer to discovery was given Friday. Can I have an opportunity to talk to this particular witness?
MISS GROSSMAN: I have no objection, Your Honor.
MR. McCAIN: It was given to me on Friday. I would object to her testifying because of the late notice.
THE COURT: Yeah, go ahead. How much time do you need?
MR. McCAIN: Just a few minutes, Judge.
THE COURT: All right.
MR. McCAIN: First, I would object to her testifying because of the late notice given, Your Honor.
MISS GROSSMAN: Your Honor, may I respond to Mr. McCain’s—
THE COURT: Yes.
MISS GROSSMAN: Mr. Williams just contacted me on Thursday, I believe it was, with the name of this witness. So it is as much of a surprise to me as it is to Mr. McCain.
THE COURT: Well, what's good for the goose is good for the gander or vice versa, whatever that saying is. Now, I just kicked the daylights out of the State Attorney here for the same thing. Now, you all are coming up on behalf of the Public Defenders, now you are coming up with the same thing.
MISS GROSSMAN: Yes, sir; I know that. I know that. But I was given the opport — not given as much time as I would have needed if I knew about the witness prior to—
THE COURT: All right. Go ahead and see what you can make out.
MISS GROSSMAN: Thank you.
THE COURT: Let me know, Mr. McCain, as soon as you can, please, sir. (Whereupon, court was in recess, after which the following proceedings were had:)
THE COURT: Are you ready for the jury?
MISS GROSSMAN: Yes, sir.
MR. McCAIN: The State’s ready. Judge, we will again renew our objection. I don’t know if you made a ruling about the lateness of the discovery witness.
THE COURT: Well, what is the nature of this testimony?
MISS GROSSMAN: Your Honor, she observed the scene of the crime, Your Hon- or, factual questions.
THE COURT: Well, give me an outline, now, because I — like I told you, I just kicked the daylights out of the State—
MISS GROSSMAN: Okay. Your Honor, Mrs. Thomas—
THE COURT: —last week or the week before for the same thing.
MISS GROSSMAN: —Mrs. Thomas will be specifically testifying as to the fact that there were no children present and that Mr. Sims apparently was threatening Mr. Williams and had his hands in his pocket and apparently was ready to — according to her.
THE COURT: Are you objecting to it?
MR. McCAIN: Yes, sir.
THE COURT: All right. I’ll sustain the objection.
Sauce for the goose is sauce for the gander. It’s not — let the record show that it is not counselor’s fault.
Go ahead.
MISS GROSSMAN: Under those circumstances, Your Honor, the defense has no evidence to put on.”
 It is well settled that a defendant charged with a serious crime should be able to produce evidence material to his case. A material witness's testimony should not be subject to the severe sanction of exclusion *443 unless the failure to timely disclose the name of the witness results in harm or prejudice to the opposition. The discretion of the trial judge in making a decision regarding exclusion of a witness can be exercised only after a full inquiry into the surrounding circumstances. Bradford v. State, 278 So.2d 624 (Fla.1973); Richardson v. State, 246 So.2d 771 (Fla.1971); Ramirez v. State, 241 So.2d 744 (Fla. 4th DCA 1970).
We find the above colloquy falls far short of the adequate inquiry necessary to a proper exercise of the court’s discretion. If it were not for the recent decision of the Supreme Court in Smith v. State, 372 So.2d 86 (Fla.1979), we would be inclined to remand this cause for an appropriate inquiry by the trial court; however, in view of Smith, we must remand for a new trial.
Having considered appellant’s remaining points on appeal to be without merit, the conviction is reversed and this cause remanded for a new trial.
REVERSED AND REMANDED.
LETTS and BERANEK, JJ., concur.