GLICKSTEIN, Judge.
Appellant was charged by information with aggravated battery and was found guilty thereof by a jury. Following his adjudication of guilt and sentence of two and one-half years in prison and a similar term of probation thereafter, appellant filed this timely appeal. We reverse and remand.
The first point raised by appellant is that the trial court improperly excluded testimony of previous specific acts of violence committed by the victim. The excluded testimony occurred on cross-examination of the State’s first witness, who was the victim. At that time self-defense had not become an issue in the trial. We find the trial court properly excluded the testimony. In Williams v. State, 238 So.2d 137, 139 (Fla. 1st DCA 1970), cert. denied, 241 So.2d 397 (Fla.1970), it was held:
Point V of appellant was that it was error not to permit the defense to show the vicious nature of the deceased and quarrelsome, violent and dangerous proclivities as evidenced by other and prior altercations. We cannot agree with the defendant on this point. Such evidence is admissible where the plea of self-defense is interposed, but until the defendant shows some evidence that he acted in self-defense, such is improper.
See also, Williams v. State, 252 So.2d 243 (Fla. 4th DCA 1971), cert. denied, 255 So.2d 682 (Fla.1971); Campos v. State, 366 So.2d 782 (Fla. 3d DCA 1978).
Appellant’s second point is that the trial court improperly excluded the testimony of Officer Joseph Grahn, who was prepared to testify to the victim’s reputation for violence. He argues that although the witness’ name was not included on appellant’s witness list,[1] appellee was not prejudiced thereby. He further contends that the trial court failed to make any determination of whether appellee would be prejudiced by the failure to provide it with prior notice of the testifying witness.
There were actually two inquiries made by the trial court when appellant announced the officer as his next witness. *1186 After a bench conference the jury was excused and appellant’s counsel informed the trial court that he had just spoken to the witness for the first time. Appellee then argued it would be prejudiced if the witness were allowed to testify. The trial court, relying upon the statement of defense counsel that he had just spoken to the witness for the first time, said:
I think newly discovered evidence has always been considered an exception to the rule, even where a trial court has ruled in a murder. And so, I am going to permit the testimony within the Banks[2] case. I am going to permit the State to have ten minutes.

Court will be in recess for ten minutes. The witness will be available for the State.
After the recess the assistant state attorney asked the trial court to put Officer Grahn on the witness stand outside the jury’s presence to establish that the law partner of defense counsel knew of the witness two months prior to the trial. Defense counsel, who represented that he was asked by his partner to try the ease one day before the trial, then called the witness to the stand and proffered the officer’s testimony. Officer Grahn, outside the jury’s presence, testified that the victim, Joe Gibbs, had a reputation for being a violent type person. Officer Grahn also related two specific instances of violence involving Gibbs, including one in which Gibbs attempted to knee the officer in the groin. On cross-examination he corroborated the fact that he had discussed Gibbs’ reputation during a telephone conversation with defense counsel’s law partner two months before the trial and that he was served with a subpoena for the trial on the previous day by the partnership’s office. After further argument the trial court reversed its earlier decision and did not permit the witness to testify, saying:
And you asked me to make an exception to the discovery rule with respect to listing witnesses. If it were genuine surprise, then I would make an exception to the rules. But, it is not.
The trial court’s ultimate decision was made without the inquiry required by Richardson v. State, 246 So.2d 771 (Fla. 1971). Most importantly the trial court made no determination of prejudice occasioned appellee by the discovery violation. Cooper v. State, 377 So.2d 1153 (Fla.1979); Smith v. State, 372 So.2d 86 (Fla.1979); Adams v. State, 366 So.2d 1236 (Fla. 2d DCA 1979); Fasenmyer v. State, 383 So.2d 706 (Fla. 1st DCA 1980). Absent that determination the record provides no basis for the sanction imposed; namely, exclusion of the witness’ testimony. The trial court’s sole consideration was the fact that the law firm representing appellant knew of the witness two months prior to trial. It was incumbent upon the trial court to then determine if the discovery violation hindered or prevented appellee’s proper preparation for trial and, only if a finding of prejudice was made, fix a just sanction authorized by Florida Rule of Criminal Procedure 3.220(j). Wilcox v. State, 367 So.2d 1020 (Fla.1979); Flynn v. State, 351 So.2d 377 (Fla. 4th DCA 1977). Accordingly, we reverse and remand for a new trial.
REVERSED AND REMANDED.
DOWNEY and BERANEK, JJ., concur.

. Fla.R.Crim.P. 3.220(b)(3) states, in part:
Within seven days after receipt by defense counsel of the list of names and addresses furnished by the prosecutor pursuant to Section (a)(l)(i) of this Rule the defense counsel shall furnish to the prosecutor a written list of all witnesses whom the defense counsel expects to call as witnesses at the trial or hearing.

. Banks v. State, 351 So.2d 1071, 1072 (Fla. 4th DCA 1977), cert. denied, 354 So.2d 986 (Fla. 1977), held:
Reputation testimony is one way to prove character and it is the decedent’s character that is actually sought to be proven by reputation testimony in order to shed light on his conduct at the time of the incident involved. There is no question that the trial court was correct, if it allowed the witness to testify, in permitting testimony as to reputation of the victim on the issue of the victim’s conduct at the time of the incident in question.