FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals from a conviction for first degree murder and a sentence of life imprisonment.
We find no harmful error and affirm. The only point raised which merits discussion is whether the trial court erred in failing to conduct a Richardson[1] hearing prior to permitting a witness to testify where the necessity for calling such witness occurred as a result of unforeseen circumstances which developed during trial.
At trial, the defense, in its case in chief, called Marie Odom, appellant’s mother. On cross-examination, the state tried to impeach her with a statement made when she was deposed. Ms. Odom testified she did not remember the contents of her deposition and after unsuccessfully trying to refresh her memory, the following took place:
[PROSECUTOR]: May at this time the State recess its cross-examination of this witness and call a witness to establish some matters affecting her cross-examination?
THE COURT: Yes.
[DEFENSE COUNSEL]: Judge, we would oppose that, of course, at this juncture.
THE COURT: Your basis?
[DEFENSE COUNSEL]: If it’s to be done it’s not done before I have an opportunity to recross, redirect a witness.
THE COURT: They have not concluded their cross-examination.
[DEFENSE COUNSEL]: Well, even up to the point where we are now I think I’d be entitled to recross, redirect.
THE COURT: What would this witness be proposed to call?
[PROSECUTOR]: Karen Jones.
[DEFENSE COUNSEL]: We would object. Her name has not been furnished on the witness list.
THE COURT: I will overrule the objection.
*1175 [DEFENSE COUNSEL]: I’d like an opportunity to take her deposition before she testifies.
[PROSECUTOR]: Your Honor, a copy of this was furnished to Mr. Kirkland and it has her name right on it.
Ms. Jones was then called and testified that she was a court reporter and had transcribed Ms. Odom’s statement. She further testified that the document showed to Ms. Odom was an accurate portrayal of what was said during the deposition.
Appellant argues that since Ms. Jones’ name was not on the state’s witness lists, under Richardson v. State, 246 So.2d 771 (Fla.1971), the trial court was required to make an inquiry as to whether appellant was thereby prejudiced in his preparation for trial. Since no such inquiry was held, appellant argues that under Richardson and its progeny, reversal of his conviction is required. See Kilpatrick v. State, 376 So.2d 386 (Fla.1979); Smith v. State, 372 So.2d 86 (Fla.1979).
In Richardson, the court declared that the rule requiring witness disclosure “was designed to furnish a defendant with information which would bona fide assist him in the defense of the charge against him. It was never intended to furnish a defendant with a procedural device to escape justice.” 246 So.2d at 774. The court, in discussing the nature of the inquiry, stated “[w]ithout intending to limit the nature or scope of such inquiry, we think it would undoubtedly cover at least such questions as whether the state’s violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial.” (emphasis added) Id. at 775.
In C.A.W. v. State, 295 So.2d 329 (Fla. 1st DCA 1974), an extremely narrow exception to Richardson was recognized. In C.A.W., the defendant, on cross-examination of the arresting officer, sought to question him regarding events which occurred after the defendant was arrested. The trial court sustained objections to this line of questioning, on the ground that the questions where beyond the scope of direct examination. After the state rested, the defendant sought to call the officer as his own witness but the trial court sustained the state’s objection on the ground that the officer’s name had not been furnished to the state on the defense witness list.
On appeal, the First District Court of Appeal reversed, declaring:
[T]he rule [requiring exchange of witness lists] has a laudable purpose and should be complied with. However, when, as here, the opposing party is fully acquainted with the witness and with his anticipated testimony, thus where there can be no surprise, and where the necessity for calling the witness occurs as a result of unforeseen circumstances which developed during the trial. . . and where it is apparent that no prejudice can result as a result of the failure to list the witness, then, under such circumstances, the rule should not be blindly followed. The purpose of the rules, indeed the purpose of the law, is to achieve justice not frustrate it.
295 So.2d at 331.
While the facts of this case are distinctly different, the principles of C.A.W. apply. Appellant knew Ms. Jones and the nature of her testimony. The necessity of calling her occurred as a result of unforeseen circumstances which developed during the trial and the brief and ministerial nature of her testimony indicates that no prejudice was visited upon appellant by calling her. To require the trial judge to conduct a formal Richardson inquiry under the factual circumstances of this ease when the parties and the court knew the witness who was accessible to both the state and defendant and the nature and extent of her testimony would serve no purpose.
AFFIRMED.
COBB and COWART, JJ., concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971).