411 So.2d 880 (1981)
Joseph LEWIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-1408.
District Court of Appeal of Florida, Third District.
December 22, 1981.
Rehearing Denied April 13, 1982.
*881 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and BASKIN, JJ.
HENDRY, Judge.
Appellant was charged by information with kidnapping, armed robbery, and possession of a firearm during the commission of a felony. He was found guilty by a jury in the Circuit Court for Dade County, Florida of false imprisonment and unarmed robbery, as lesser included offenses of the charges in the information, and not guilty of possession of a firearm during the commission of a felony. The trial court entered adjudications of guilt and imposed concurrent sentences of seven and two years imprisonment. Appeal is taken from the judgment and sentences.
Appellant contends that the trial court committed fundamental error in its comment during cross-examination of a witness when the court said, "He is answering; he is being as precise as he can." We do not agree. In our view there is no reasonable possibility that the instant statement by the trial judge deprived defendant of a fair trial. See and compare: Blake v. State, 336 So.2d 454 (Fla. 3d DCA 1976), cert. denied, 344 So.2d 323 (Fla. 1977) (trial judge's comment that witness was trying to answer the best way she knew how was not impermissible comment on weight and credibility of witness' testimony so as to deprive *882 defendant of a fair trial) and Robinson v. State, 161 So.2d 578 (Fla. 3d DCA 1964) (trial judge's comment that witness was honest, poor man with inferior education and was doing his best to answer questions could have been interpreted as indication of preference and necessitated new trial for defendant); see generally: 15 Fla.Jur.2d, Criminal Law § 741.
The second ground urged for reversal is based on the trial court's refusal to allow the defense to call defense witnesses whose names had not been supplied to the state as provided for by Florida Rule of Criminal Procedure 3.220. Defense counsel did not request, until after the state had rested, that testimony of the unlisted, potentially-alibi witnesses, be allowed. The court, upon inquiry, see Richardson v. State, 246 So.2d 771 (Fla. 1971), found that the discovery violation was not justifiable (counsel's stated reason for failing to timely list and call such witnesses being that he had been more concerned with the co-defendant), and that the state would be unduly prejudiced by allowance of such testimony at that juncture since it was not then in a position to impeach or rebut the testimony. In our view the inquiry made was sufficient to satisfy the requirements of Richardson v. State, supra, and furthermore, the court reasonably exercised its discretion in excluding the testimony of the unlisted defense alibi witnesses. Rolle v. State, 355 So.2d 491 (Fla.3d DCA 1978); Lail v. State, 314 So.2d 234 (Fla. 4th DCA 1975); Chester v. State, 276 So.2d 76 (Fla. 2d DCA 1973).
Finally it is contended that the trial court committed fundamental error in failing to instruct the jury that specific intent is an element of the offense of robbery, as charged in count II of the information. Specific intent, i.e., the intent to permanently deprive the owner of the property taken, has been held to be an essential element of the crime of robbery upon which a jury instruction is required. Bell v. State, 394 So.2d 979 (Fla. 1981). However, as was pointed out in this court's opinion in Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981), decided after Bell, failure to charge the jury with respect to specific intent to commit robbery does not constitute fundamental error "in the absence of a real dispute on that question." Williams v. State, supra, at 545. Since no issue or dispute was presented at trial of this cause with respect to defendant's specific intent to commit the robbery, we conclude that failure to give this instruction, which was neither requested nor was its omission objected to, does not constitute fundamental error. Williams v. State, supra; see also Castor v. State, 365 So.2d 701 (Fla. 1978); Simpkin v. State, 363 So.2d 45 (Fla.3d DCA 1978); Younghans v. State, 97 So.2d 31 (Fla. 3d DCA 1957); Waters v. State, 298 So.2d 208 (Fla. 2d DCA 1974).
For the reasons stated, the judgment and sentences are affirmed.
Affirmed.
BASKIN, Judge (dissenting).
I believe the trial court's exclusion of alibi witnesses material to his defense deprived Joseph Lewis of his Sixth Amendment rights, Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); Green v. State, 377 So.2d 193 (Fla. 3d DCA 1979), aff'd on other grounds, 395 So.2d 532 (Fla. 1981). In my view, the inquiry conducted by the court upon learning of defendant's discovery violation was inadequate and the sanction imposed was too severe.
Even though trial counsel[1] for defendant Lewis failed to inform the prosecutor that he wished to call alibi witnesses until after the state had rested, the court was required to conduct a hearing before deciding to exclude the alibi witnesses. Richardson v. State, 246 So.2d 771 (Fla. 1971). The state represented that its witnesses had left the jurisdiction; it did not indicate whether those witnesses were the rebuttal witnesses the state would need. It was incumbent upon the trial court to conduct a full and adequate inquiry before concluding that the *883 state had been prejudiced, cf. Wilcox v. State, 367 So.2d 1020 (Fla. 1979) (prosecutor's noncompliance with obligation to reveal, upon request, any statements made by defendant requires full inquiry into surrounding circumstances of violation); cf. Cumbie v. State, 345 So.2d 1061 (Fla. 1977) (defense sought discovery of defendant's oral statements which were subject of police officers' subsequent surprise testimony; failure to conduct inquiry into possible prejudice constitutes reversible error); Richardson v. State, supra, especially when the witnesses were listed on discovery as residents of this jurisdiction.
Furthermore, the court does not appear to have considered whether a sanction less severe than excluding all alibi witnesses could have been utilized. Witnesses should be excluded only under the most compelling circumstances. Williams v. State, 264 So.2d 106 (Fla. 4th DCA), cert. denied, 268 So.2d 162 (Fla. 1972). A defendant should not be hampered in his defense by being subjected to punishment intended for trial counsel. Hotchkiss v. State, 367 So.2d 727 (Fla. 4th DCA 1979); Wilson v. State, 220 So.2d 426 (Fla. 3d DCA), cert. denied, 225 So.2d 921 (Fla. 1969).
For these reasons, I would reverse the conviction and remand for a new trial.

ON MOTION FOR REHEARING EN BANC
HENDRY, Judge.
Following rehearing en banc, this court's order of January 25, 1982, vacating the panel opinion and granting the defendant's motion for rehearing en banc, is vacated by a majority of the court (Baskin and Jorgenson, JJ., dissenting), the original panel opinion in this cause is reinstated, and the defendant's motions for rehearing and rehearing en banc are denied. Upon consideration of the facts and circumstances in this case, we have concluded that there exists no conflict with Wilson v. State, 220 So.2d 426 (Fla. 3d DCA), cert. denied, 225 So.2d 921 (Fla. 1969). In contrast to the present case where the potential alibi witnesses were relatives residing with the defendant, Wilson, decided prior to Richardson v. State, 246 So.2d 771 (Fla. 1971), made no inquiry into prejudice to the state and found the discovery violation excusable on the basis that the proffered witness was newly discovered.
NOTES
[1] Defendant Lewis is represented by different counsel on appeal.