415 So.2d 1356 (1982)
STATE of Florida, Petitioner,
v.
Robert Louis PLACHTA, Respondent.
No. 82-268.
District Court of Appeal of Florida, Second District.
July 7, 1982.
*1357 Jim Smith, Atty. Gen., Tallahassee, Robert J. Landry, Asst. Atty. Gen., Tampa, James T. Russell, State Atty., and C. Marie King, Asst. State Atty., Clearwater, for petitioner.
Douglas Prior, Clearwater, Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for respondent.
PER CURIAM.
The state brings this petition for writ of certiorari to review an order granting respondent's motion to exclude a witness from testifying at the trial. The state argues that the sanction was too severe. We agree.
Respondent was charged with manslaughter on September 30, 1981. He was originally represented by the public defender. The state furnished discovery to the public defender on October 13, 1981, in the form of a "prosecution cover sheet" consisting of two pages, along with other documents which included seven pages of witness statements and a witness list. The prosecution cover sheet listed John Gormley as a witness and gave his correct address. However, the witness list recited a former and consequently incorrect address for Gormley.
On November 17, 1981, private counsel Douglas Prior was appointed to represent respondent. Upon Prior's demand for discovery, the state purported to furnish him with the same discovery items previously delivered to the public defender. An acknowledgment of discovery form was stamped "received December 4, 1981 Douglas Prior."
Trial was set for January 20, 1982, and then rescheduled for February 1, 1982. On January 20, Prior asked an assistant state attorney for Gormley's address, but was given the incorrect address as stated on the witness list. Prior was unable to locate Gormley at this address. When the parties assembled for trial on February 1, Gormley appeared pursuant to a state subpoena. At this time Prior was permitted to take Gormley's deposition. Since some of Gormley's testimony seemed to implicate his client, Prior moved to exclude him from testifying at the trial as a sanction for the state having furnished the wrong address.
When asked at the hearing which occurred on the same date why he failed to note Gormley's correct address on the prosecution cover sheet, Attorney Prior responded as follows:
MR. PRIOR: Your Honor, I did not see it, receive the cover sheet whether by *1358 clerical error or other case, I did not see it. I admit it was stamped into my office which my secretary did on December 4th, 1981, that she does in the normal course, returns this acknowledgement of discovery without me seeing anything. I did not specifically review the acknowledgement myself to see whether I got everything. It was stapled together and given to me. I reviewed the information. It was given to me and as I submit, as an officer of the Court I did not receive a cover sheet.
After further argument, the court held that Gormley would not be permitted to testify at the trial. In support of his ruling, the judge stated:
THE COURT: ... I find specifically based upon the testimony of the lawyer who is an officer of this Court that he never received the cover sheet with the address here and even if he had received the sheet, that shows the St. Petersburg address for Gormley, he specifically and unequivocally on the record requested the address of this man, so that his man could have a week and he asked for the exact address you would be using to try and get a-hold of Gromley (sic) and it was relayed to him the address in Dunedin.
The extent to which sanctions should be imposed for discovery violations depends upon whether the violation was inadvertent or willful, whether the violation was trivial or substantial, and what effect, if any, it had upon the ability of the affected party to properly prepare for trial. Richardson v. State, 246 So.2d 771 (Fla. 1971). Relevant evidence should not be excluded unless no other remedy suffices. Cooper v. State, 336 So.2d 1133 (Fla. 1976). It is undisputed that the existence of witness Gormley was timely disclosed both to predecessor counsel and to appointed counsel Prior. The discovery violation was in giving the wrong address for Gormley. Of course, the right address was also given to predecessor counsel, and it may have been given to Attorney Prior though he did not see it. There was nothing to indicate that the violation was intentional. Moreover, Prior had already taken Gormley's deposition so his only basis for asserting prejudice was that he would not have the opportunity to investigate the details of Gormley's version of the occurrence or to effectively impeach him. We have no doubt that Prior could have obtained a continuance of the trial to give him time to prepare a defense against Gormley's incriminating testimony. In any event, we believe the drastic remedy of prohibiting an important state witness from testifying was too severe a sanction for what was obviously an inadvertent discovery violation. See State v. Bowers, No. 82-359 (Fla.2d DCA June 2, 1982), in which the court reached the same conclusion on facts somewhat analogous.
We grant the petition for writ of certiorari, vacate the order excluding Gormley as a witness and remand the case for further proceedings consistent with this opinion.
GRIMES, A.C.J., and SCHEB and SCHOONOVER, JJ., concur.