419 So.2d 1120 (1982)
Tyrone PATTERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 81-734.
District Court of Appeal of Florida, Fourth District.
September 1, 1982.
Rehearing Denied October 20, 1982.
*1121 Thomas J. McLaughlin, South Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
HURLEY, Judge.
The issue on appeal is whether the exclusion of a defense witness was a permissible remedy for an alleged defense discovery violation in a criminal case. We are compelled to reverse because the procedural prejudice suffered by the prosecution as a result of the violation was insufficient to warrant exclusion of evidence and could have been cured by a less drastic remedy. In light of our decision, we have found it unnecessary to address the appellant's other points on appeal.
The present case began when the defendant, now appellant, was caught tampering with a parked truck in which police officers were hiding. The state alleged that the defendant was burglarizing the truck. The defendant, in maintaining his innocence, asserted that he was investigating the truck pursuant to orders from his employer because it was suspicious and was interfering with the employer's business. Over defense objections, the trial court excluded the employer's testimony to remedy an alleged defense discovery violation.
The facts leading to the exclusion order can be summarized because we can limit our discussion to the question of whether the record can support a finding that the prosecutor was so prejudiced by a discovery violation that exclusion of evidence was required to ensure a fair trial. On the Friday when this case was called for trial, an attorney from the Public Defender's Office appeared on behalf of the defendant. He requested a continuance for the following reasons: (1) the attorney assigned to the case was unavailable due to another trial, (2) the assigned attorney had not adequately prepared and had just received the case three weeks before from another attorney who had left the Public Defender's Office, and (3) the assigned attorney had not had an opportunity to talk to potential defense witnesses and had not yet provided the state with a witness list. The prosecutor opposed the motion on the ground that this would be the second defense continuance and indicated that the state would seek exclusion of the defense witnesses because a defense witness list had not been provided. The trial court refused to continue the case but put the case on recall for a few days until the assigned attorney finished his other trial. The defense attorney who was present then offered to provide the names of the witnesses, but the record is unclear whether the names were actually provided at that time. He also revealed that the witnesses were eyewitnesses.
On the following Tuesday when the case came up again, the assigned attorney informed the court that his secretary was supposed to have delivered a written witness list on Friday but had not done so until Monday. He also stated that he was willing to proceed. The prosecutor indicated that he was also willing to proceed but that he had not yet received the witness list and wanted the defense witnesses excluded. (Apparently the witness list was delivered to the prosecutor's office but not to the prosecutor himself.) The defense opposed the motion to exclude saying that he had made every effort to inform the state of the witnesses as soon as he had learned of *1122 them. The judge initially refused to exclude the witnesses but required the defense to make the witnesses available for deposition by the state that afternoon. The defendant was allowed to look for the witnesses while voir dire of proposed jury members took place. Later, the defense attorney informed the court that the witnesses were unavailable for various reasons and could not be brought in that day. The defense also informed the court that the witnesses were eyewitnesses who unsuccessfully tried to make statements to arresting officers, and informed the judge of the substance of their forthcoming testimony. The judge told the defense that it would have to make the witnesses available the next morning by 8:30 a.m. for deposition if it wanted to use their testimony.
The next morning only one of the three witnesses appeared on time and later testified for the defense; the second appeared sometime between 10 and 11:45 a.m. while the state was presenting its case-in-chief; the third failed to appear at all and, thus, was not available to testify. The defense did not learn that the second witness had appeared until after the state had rested its case-in-chief. The prosecutor said he did not want to depose the witness and insisted that the witness be excluded. The only evidence of prejudice to the state was the state's assertion that it had rested its case-in-chief. Based on these facts, and after considering a proffer of the witness' testimony which revealed that the testimony was substantially what the defense attorney had said it would be except that it was less beneficial to the defense, the trial court prohibited the witness from testifying before the jury.
Rule 3.220, Fla.R.Crim.P., governs discovery procedures and requires defense counsel to furnish the prosecutor with a list of those witnesses that are expected to be called on behalf of the defendant.[1] Pursuant to another provision of the rule, a trial court can enter just orders to remedy discovery violations and can impose sanctions on recalcitrant attorneys.[2]
Exclusion of testimony is one of the remedies available. But exclusion is a severe remedy that raises very serious questions concerning the fairness of the judicial process.[3]
A trial court's discretion to remedy discovery violations can be properly exercised only after the court has made an adequate inquiry into the surrounding circumstances as required by Richardson v. *1123 State, 246 So.2d 771 (Fla. 1971). The mere failure of a party to list a witness is not itself sufficient grounds to exclude that witness. Bradford v. State, 278 So.2d 624, 626 (Fla. 1973); Lucas v. State, 376 So.2d 1149, 1151 (Fla. 1979); Richardson v. State, 246 So.2d at 774. Whether a remedy such as exclusion should be imposed depends on the totality of circumstances, including such factors as whether the violation was inadvertant or willful, whether it was trivial or substantial, and, most importantly, whether it has prejudiced the opposition's ability to prepare for trial. Richardson v. State, 246 So.2d at 775. The primary purpose of this inquiry is to ferret out procedural prejudice occasioned by discovery violations. Smith v. State, 372 So.2d 86, 88 (Fla. 1979). Thus, the trial judge must decide whether the violation hindered or prevented the aggrieved party from properly preparing for trial and may impose a remedy only if a finding of such prejudice is made. Dorry v. State, 389 So.2d 1184, 1186 (Fla. 4th DCA 1980); see Williams v. State, 376 So.2d 441, 442-43 (Fla. 4th DCA 1979). If the trial court finds procedural prejudice, it can tailor a just remedial order, but "[r]elevant evidence should not be excluded from the jury unless no other remedy suffices." Cooper v. State, 336 So.2d 1133, 1138 (Fla. 1976), cert. denied, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 239 (1977).
In the present case, the facts in the record indicate that exclusion of eyewitness testimony was too severe.[4] We note that the prosecutor's photographic exhibit shows the existence of eyewitnesses, his own witnesses knew there were eyewitnesses, and he knew of the excluded witness and of the substance of the witness's testimony before the trial commenced. Cf. Sireci v. State, 399 So.2d 964, 968-69 (Fla. 1981) (witness list does not necessarily have to be in writing). Although the prosecutor claimed that he was surprised, he did not indicate why he thought the surprise prejudiced his ability to adequately prepare the case or that the prejudicial surprise, if any, could not be cured by a less severe remedy.
It is crucial to remember that, "[t]he purpose of the rules, indeed the purpose of the law, is to achieve justice not frustrate it." C.A.W. v. State, 295 So.2d 329 (Fla. 1st DCA 1974) (reversing for improper exclusion). The provisions of the discovery rule were designed to further the objective of the trial process which is to arrive at a just decision based on all the facts.
To summarize, we reverse because the record demonstrates that exclusion of a defense eyewitness was too severe a remedy for the procedural prejudice suffered by the prosecution. We underscore the critical point that the exclusion of otherwise admissible evidence is an extremely severe remedy that must be reserved for the most compelling circumstances which did not exist in this case.
REVERSED and REMANDED for a new trial.
ANSTEAD and HERSEY, JJ., concur.
NOTES
[1] Fla.R.Crim.P. 3.220(b)(3) provides:

Within seven days after receipt by defense counsel of the list of names and addresses furnished by the prosecutor pursuant to Section (a)(1)(i) of this Rule the defense counsel shall furnish to the prosecutor a written list of all witnesses whom the defense counsel expects to call as witnesses at the trial or hearing.
[2] Fla.R.Crim.P. 3.220(j) provides:

(1) If, at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may order such party to comply with the discovery or inspection of materials not previously disclosed or produced, grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.
(2) Willful violation by counsel of an applicable discovery rule, or an order issued pursuant thereto, may subject counsel to appropriate sanctions by the court.
[3] We note the recent holding of the U.S. Court of Appeals, Fifth Circuit, "that the compulsory process clause of the sixth amendment forbids the exclusion of otherwise admissible evidence solely as a sanction to enforce discovery rules or orders against criminal defendants." United States v. Davis, 639 F.2d 239, 243 (5th Cir.1981); see also Lewis v. State, 411 So.2d 880, 882-83 (Fla. 3d DCA 1981) (Baskin, J., dissenting); cf. Dumas v. State, 350 So.2d 464 (Fla. 1977) (because of the sixth amendment, a witness can be excluded for violating the sequestration rule only if the witness acted with the knowledge, consent, procurement, or connivance of the defendant or defense counsel). While, in the present case, we refrain from reaching the constitutional question and from endorsing or criticizing the Fifth Circuit's opinion, we note that the opinion demonstrates the very serious nature of a decision to exclude evidence in order to remedy a discovery violation.
[4] Numerous appellate panels have addressed fact situations similar to that in the present case and have concluded that exclusion was too severe a remedy. See, e.g., Hotchkiss v. State, 367 So.2d 727 (Fla. 4th DCA 1979); Williams v. State, 264 So.2d 106 (Fla. 4th DCA), cert. denied, 268 So.2d 162 (Fla. 1972); Adams v. State, 366 So.2d 1236 (Fla. 2d DCA 1979); State v. Bowers (Fla. 2d DCA Case No. 82-359, June 2, 1982) [7 F.L.W.D.C.A. 1203]; State v. Plachta, 415 So.2d 1356 (Fla. 2d DCA 1982); see generally Yetter, Florida Criminal Discovery and Pre-Trial Motions Manual § H (1979; 1982 supp. D & S Publishers, Inc.).