453 So.2d 215 (1984)
Clinton SHEPHERD, Appellant,
v.
STATE of Florida, Appellee.
No. 83-561.
District Court of Appeal of Florida, Fifth District.
July 26, 1984.
*216 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Scott M. Swain, Certified Legal Intern, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Shepherd appeals from his convictions for simple battery[1] and resisting a police officer with violence.[2] He presents two issues: whether the trial court violated his constitutional rights by excluding him from the courtroom during his jury trial, and whether the court erred in excluding all evidence relating to Shepherd's possible insanity at the time the charged offenses were committed. We think error occurred on the latter ground and we reverse for a new trial.
Based on psychological reports of two doctors who saw Shepherd in jail that concluded that although he was competent to stand trial, he was extremely hostile and possibly violent, the trial judge had Shepherd bound and cuffed when he appeared in the courtroom during his trial. Shepherd steadfastly demanded that he be furnished a lawyer to represent him and he ignored the public defender who was appointed as his defense counsel. Although the disruptive character of his behavior is not apparent from reading the record, Shepherd repeatedly said he did not want to be present in the courtroom at his trial.
One of a criminal defendant's most basic rights is the right to be present in the courtroom at every stage in the proceedings. Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). This right may be lost if he behaves in a disorderly, disruptive or disrespectful manner in the courtroom. 21 Am.Jur.2d Criminal Law § 700 (1981); Standards for Criminal Justice 6-3.8 (1980). It may also be lost if he voluntarily waives the right to be present. See Taylor v. United States, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973). In this case Shepherd's behavior does not appear sufficient by itself to have merited his exclusion from the trial, but his repeated requests to leave the courtroom justified the court in allowing him not to be present. We find no error occurred on this ground.
The second ground, exclusion of all argument and testimony regarding Shepherd's possible insanity defense, presents a more difficult problem. See Briseno v. State, 449 So.2d 312 (Fla. 5th DCA 1984); Patterson v. State, 419 So.2d 1120 (Fla. 4th DCA 1982), petition for review denied, 430 So.2d 452 (Fla. 1983). Exclusion of defense evidence may impinge upon a defendant's sixth amendment rights. Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). Whether exclusion *217 can be upheld in a case where the state is prejudiced, and the defense willfully delinquent is not clearly settled.[3] However, where no prejudice is found by the court to the state, and the failure on the part of defense counsel is a technical failure to comply with the criminal rules, exclusion is too harsh a sanction. Bradford v. State, 278 So.2d 624 (Fla. 1973); Richardson v. State, 246 So.2d 771 (Fla. 1971).
In this case the defense counsel failed to file a notice of intent to rely upon an insanity defense, pursuant to Florida Rule of Criminal Procedure 3.216. The court granted the state's motion in limine to exclude any testimony of any witness or argument of counsel and any mention of Shepherd's having just broken out of a mental hospital in Tampa. It refused defense counsel's motions for a continuance and to require the state to show prejudice, and further refused to accept a belated filing of the required notice. The court warned defense counsel not to violate this ruling, or be held in contempt.
At the trial the defense established through the police officers who subdued and arrested Shepherd, that at the time of his arrest Shepherd was acting in an extremely bizarre manner. Officer Harrison testified he first saw Shepherd at night on foot in the middle of the road in Ocoee, Florida, causing a disturbance as cars were swerving to miss hitting him. Harrison stopped his patrol car, and tried to get Shepherd to move to the side of the road. Shepherd resisted him and hit him. A fight ensued and Harrison called for a backup car. Officers Wilson and Clinger arrived on the scene, and had to brake suddenly to avoid hitting Shepherd. Wilson testified Shepherd was running down the middle of the road hooting loudly like an owl.
It took the three police officers five minutes to subdue Shepherd and handcuff him. When they got him to the police station, he was quiet, but appeared dazed and lost. He asked for his mother, and said he needed to be locked up again. The police officer was prevented from testifying Shepherd meant he needed to be returned to a mental hospital from which he had just departed. Nor was defense counsel allowed to ask the police officers whether they thought Shepherd was acting in a normal manner. Further, Shepherd's mother was prevented from testifying about her son's lengthy mental problems, numerous institutionalizations and severe psychological disorder. These exclusions were all based on the court's prior ruling on the motion in limine.
Both the state and defense counsel were aware that Shepherd's insanity would be an issue at trial. Defense counsel filed a motion to have Shepherd examined by two experts to determine whether he was competent to stand trial. Both experts concluded that Shepherd was competent, although while in jail Shepherd hit a corrections officer and set fire to a paper plate in his cell. He was also violent and hostile and refused to be examined by any psychiatrist.
Defense counsel also moved the court to appoint an expert to assist the defense in proving Shepherd was insane at the time of the charged offenses. Dr. Tell filed a report with the court in which he said Shepherd could be suffering from a strong paranoid type of disorder of possibly psychotic proportions. He suggested Shepherd be stabilized by treatment and medicated and then reevaluated. He was unable to make such an evaluation at the jail because Shepherd was violent and out of control when he tried to interview him. The court refused defense counsel's motion to evaluate Shepherd further.
At the sentencing hearing, the court said it thought the defendant was "dangerous not only to himself but to others in the community" and that he would need close confinement in prison, and possibly psychiatric *218 treatment. Defense counsel presented a lengthy history from Shepherd's mother of Shepherd's hospitalizations for mental problems and his bizarre behavior. The defense renewed a motion for new trial based on the grounds presented in this appeal, but it was denied.
In this case we think the trial court erred in excluding Shepherd's possible insanity defense by ruling on the state's motion in limine without making an inquiry pursuant to Richardson. See Briseno; Clair v. State, 406 So.2d 109 (Fla. 5th DCA 1981); Dorry v. State, 389 So.2d 1184 (Fla. 4th DCA 1980); cf. Patterson. The error cannot be deemed harmless in any event in this case because it appears lack of prejudice to the state could have been found and further, there was evidence defense could have offered to establish an insanity defense.
Accordingly, the judgment is reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
COBB, C.J., and DAUKSCH, J., concur.
NOTES
[1] § 784.03, Fla. Stat. (1983).
[2] § 843.01, Fla. Stat. (1983).
[3] See Westen, The Compulsory Process Clause, 73 Mich.L.Rev. 71 (1974); Note, The Preclusion Sanction  a Violation of the Constitutional Right to Present a Defense, 81 Yale L.J. 1342 (1972); see also United States ex rel. Veal v. DeRobertis, 693 F.2d 642 (7th Cir.1982); Alicea v. Gagnon, 675 F.2d 913 (7th Cir.1982); United States v. Davis, 639 F.2d 239 (5th Cir.1981).