GLICKSTEIN, Judge,
concurring specialty-
This is a petition for certiorari in which the state seeks review of an order, granting respondent’s motion to exclude a witness. I would deny the petition because of its prematurity. The state has not shown that there will be no adequate remedy by appeal.
Respondent was charged by Information with aggravated assault upon William Davis which occurred on March 6, 1985. On May 14,1985, Davis failed to appear for his deposition. Depositions were subsequently scheduled for May 31, 1985, June 27, 1985 and August 14, 1985. Davis failed to appear for all of these.
On July 10, 1985, respondent filed a motion for contempt; and on July 18, 1985, *1310 the trial court issued an order to show cause directed at Davis. On August 14, 1985, Davis failed to appear for the contempt hearing, and in response the trial court issued a writ of bodily attachment. The writ never issued because the state insisted that it was not necessary since Davis was in jail. However, Davis was released before respondent could depose him.
On August 19, 1985, respondent filed a motion to exclude witness. On October 14, 1985 the trial court granted the motion without prejudice, giving petitioner until October 24,1985, to show cause why a final, order, with prejudice, should not be entered. On October 25, 1985, the court entered such an order.
This case simply is not “ripe” for review at this point. Section 924.07(8) provides, that the state may appeal once from “all other pretrial orders.”
Looking at this statute, it would appear that the state could simply appeal the motion to exclude. However, in State v. Smith, 260 So.2d 489 (Fla.1972), the supreme court held that such a statute, without a corresponding rule providing for review, is insufficient to provide authority for interlocutory review.
In the present case, all the trial judge has done is grant the motion to exclude the witness. Although the state has said that this exclusion virtually destroys its case, it has not said that it is not prepared to proceed at this point because of the granting of the motion to exclude. See State v. C.C., 476 So.2d 144 (Fla.1985) (after trial court suppressed certain statements to police, state said it could not proceed and information was dismissed); State v. Roig, 305 So.2d 836 (Fla. 3d DCA 1974), and State v. Velasquez, 305 So.2d 837 (Fla. 3d DCA 1974) (after trial court excluded witnesses for the prosecution who failed to appear for deposition, prosecution indicated it was unable to proceed; trial court then dismissed the information and the state appealed). The state could then file an appeal pursuant to section 924.07(1) and Florida Rule of Appellate Procedure 9.140(c)(1)(A).
Nowhere in the petition does the state contend the speedy trial rule would present a problem were the case to be sent back to the trial court.[1]
Should petitioner subsequently indicate to the trial court that it was not prepared to proceed and the trial court did not dismiss the information, then it would be appropriate that this court consider whether certiorari is appropriate in light of State v. C.C., 476 So.2d 144 (Fla.1985), and Jones v. State, 477 So.2d 566 (Fla.1986).

. Although the respondent has apparently made a demand for a speedy trial and petitioner has moved the trial court to extend the period, it is not clear when the demand was made or if the trial court has ruled on the requested extension. Therefore, at this point, I believe petitioner has not demonstrated that it has no adequate remedy at law and certiorari should not be granted. Cf. State v. Plachta, 415 So.2d 1356 (Fla. 2d DCA 1982) (where trial had been set and trial court granted motion to exclude, appellate court granted certiorari without discussion); State v. Jackson, 436 So.2d 985 (Fla. 3d DCA 1983) (trial court granted motion to exclude witness and appellate court granted certiorari without discussion).