618 So.2d 349 (1993)
L.W., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 91-04034.
District Court of Appeal of Florida, Second District.
May 14, 1993.
*350 James Marion Moorman, Public Defender, and Douglas S. Conner, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ann P. Corcoran, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
L.W., a juvenile, appeals from an adjudication of delinquency entered after the trial court pronounced him guilty of two counts of aggravated battery. He contends that his failure to disclose a witness during discovery did not warrant the trial court's refusal to allow him to call the person as his witness. We agree and reverse.
L.W. was arrested and charged with aggravated battery after allegedly intentionally grazing two persons with his car. During the presentation of his case, L.W. sought to call the passenger in his car, Christopher, to testify on his behalf. L.W. admitted he had not identified Christopher as one of his witnesses, but he advised the trial court that the state had agreed to allow Christopher to testify. When the trial court asked the state attorney if she had an objection to Christopher's appearing as a witness, the following colloquy occurred:
[The state]: I have an objection if I'm not allowed time to talk to this witness, to this witness testifying, yes, Your Honor.
THE COURT: Why [isn't he] on the witness list?
[Defense counsel]: Your Honor, I do not have a response to that. I did, in fact, speak to the witness, and I'm not aware of any reason why [he is] not on an amended witness list.
THE COURT: Objection sustained.
We agree with L.W. that the exclusion of Christopher was too severe a sanction. The extent to which sanctions should be imposed for discovery violations depends upon the totality of the circumstances, including whether the violation was inadvertent or willful, whether it was trivial or substantial, and, most important, whether it prejudiced the opposition's ability to prepare for trial. Richardson v. State, 246 So.2d 771, 775 (Fla. 1971); Patterson v. State, 419 So.2d 1120 (Fla. 4th DCA 1982), pet. for rev. denied, 430 So.2d 452 (Fla. 1983). The record reveals that the state was willing to allow Christopher's testimony if it was afforded an opportunity for a pre-testimonial interview. Nothing in the record indicates the violation was either intentional or substantial. L.W.'s attorney could not explain why Christopher had been overlooked on the witness list, but the court was assured he had not been purposely excluded. Moreover, had the witness been permitted to testify, no prejudice would have been visited upon the state; the state recognized that Christopher's testimony would have contributed little toward the defense.
Where, as here, the state suffers little, if any, prejudice by an inadvertent discovery violation, the trial court, in tailoring a just *351 remedy, must be mindful that "[r]elevant evidence should not be excluded ... unless no other remedy suffices." Patterson, 419 So.2d at 1123 (quoting Cooper v. State, 336 So.2d 1133, 1138 (Fla. 1976), cert. denied, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 239 (1977)); see also, Duarte v. State, 598 So.2d 270 (Fla. 3d DCA 1992) (reversible error to exclude party's undisclosed witness without inquiring into extent of prejudice suffered by the state and whether lesser remedy will suffice). We cannot ignore the inequity of so severe a consequence for an otherwise non-prejudicial discovery violation.
Reversed and remanded for a new trial.
RYDER, A.C.J., and ALTENBERND, J., concur.