PER CURIAM.
Keith Porter challenges his conviction and sentence for aggravated battery. On appeal Porter argues that the trial court erred in denying his motion for a continuance which would have allowed additional time for his mental health expert to assist in his defense. Because we find that the trial court abused its discretion in denying Porter’s motion, we reverse and remand for a new trial.
On November 25, 1997, defense counsel filed a motion to have Porter undergo psychological evaluation in order to determine, among other things, whether Porter was, by reason of mental defect or infirmity, unable to understand the nature of his conduct or its consequences at the time of the offense. Counsel’s motion was granted by court order dated December 2, 1997, and an evaluation was conducted by Dr. William Lawrence on Saturday, December 6, 1997. Following the evaluation, Lawrence diagnosed Porter with dysthymic disorder and borderline intellectual functioning. Lawrence concluded that Porter’s impaired intellectual functioning and intoxication at the time of the offense “prevented him from knowing what he was doing.”
Based on Lawrence’s opinion, Porter's counsel filed a notice of intent to rely on the defense of insanity on the first morning of trial, Monday, December 8, 1997. The notice was accompanied by a copy of Dr. Lawrence’s report. At that time, Counsel also requested a continuance or additional time to develop Porter’s defense in light of Dr. Lawrence’s opinion on the combined effects of Porter’s mental defect and his intoxicated state at the time of the offense. The trial court denied the motion, finding Porter’s notice of intent untimely[1], and also finding that a continuance would result in prejudice to the State’s case.
We review the trial court’s denial of a motion for continuance under an abuse of discretion standard. See Gorby v. State, 630 So.2d 544, 546 (Fla.1993). Typically, an abuse of discretion will not be found unless the moving party demonstrates that the trial court’s ruling resulted in undue prejudice to his or her case. Id. See also Fennie v. State, 648 So.2d 95, 97-98 (Fla. *718 1994). There is no question that Porter’s defense was prejudiced by the absence of expert testimony on the effects of his mental impairment. Expert testimony on Porter’s inability to know and understand his conduct and its consequences may have proven his inability to form the specific intent necessary for this offense. If a continuance had been granted before trial, the State could have been given an equal opportunity to have Porter examined by its own mental health expert. Under these circumstances, the State’s case would not have suffered undue prejudice. Cf. Rosado v. State, 650 So.2d 681, 682 (Fla. 2d DCA 1995) (refusal to permit defendant to raise insanity defense was too harsh a sanction for late notice of intent to rely on the defense where there was no prejudice to the State).
Based on the foregoing, we reverse and remand for further proceedings consistent with this opinion.
BLUE, A.C.J., and WHATLEY and STRINGER, JJ., Concur.

. Florida Rule of Criminal Procedure 3.216(c), provides that a defendant wishing to rely upon the defense of insanity shall file a notice of intent to do so, no later than fifteen days after entering a written plea or within fifteen days of arraignment.